## WESTERN COAL & MINING CO. v. GREEN.

No. 6686—Opinion Filed June 6, 1917.

(166 Pac. 154.)

(Syllabus by the Court.)

**1. Judgment—Default Judgment — Failure to Answer.**

In the absence of some statutory limitation, a judgment upon default may be rendered at any time during any term of court after time fixed or allowed for answer has expired, notwithstanding the case was not placed on the trial docket prepared and printed pursuant to sections 5040 and 5041, Revised Laws 1910.

**2. Same—Vacation—Prevention of Defense.**

A judgment upon default will not be vacated upon a showing that the party had a meritorious defense; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief.

**3. Motions—Notice of Motion—Reliance Upon Clerk's Custom.**

In the absence of some statute or rule of court requiring it, parties who rely upon the custom of the clerk to notify them when orders are entered upon motions pending in their cases do so at their peril.

**4. Removal of Causes—Remand of Case—Failure to Answer—Reliance on Clerk's Custom.**

The fact that the clerk of a United States court did not notify the attorney of a party, contrary to his usual custom, that a motion, of which the party had notice, to remand a case to the state court, which he had undertaken to remove therefrom, had been granted, does not excuse the failure of the party to answer or plead in time in the state court after its remand, especially where such party does not appear and oppose the motion to remand, but abandons the removal, and considerable time elapses between the time the motion was filed and the cause remanded to the state court and the transcript filed therein without the party making any inquiry as to the status of the case, or being in any way misinformed or misled by the officers of the court or opposing counsel.

Error from District Court, Coal County; Robt. M. Rainey, Judge.

Action by Hannah Green against the Western Coal & Mining Company. Judgment for plaintiff, motion to vacate judgment denied, and defendant brings error. Order affirmed.

Ira D. Oglesby, for plaintiff in error.

E. E. McInnis and C. M. Threadgill, for defendant in error.

MILEY, J. This action was commenced in the court below by Hannah Green for herself and for the next of kin to Harry Green, deceased intestate, to recover damages for his death, alleged to have been caused by the negligence of defendant therein, plaintiff in error here.

Summons was regularly issued, duly served and returned, by which the defendant was required to answer the petition on or before October 23, 1911. On October 21st, the defendant, appearing specially, filed a petition and bond to remove the cause to the United States District Court for the Eastern District of Oklahoma. The transcript not being filed by the defendant, the plaintiff below filed the same in the United States court on February 13, 1913, and on the same day they filed a motion to remand to the state court upon jurisdictional grounds. On July 10, 1913, the motion was sustained and the cause remanded, and transcript was filed in the court below on August 5, 1913. On December 23d following, the defendant not having answered or pleaded in any way to the petition of the plaintiff, the cause was upon motion of attorneys for plaintiff placed upon the trial docket, the defendant adjudged to be in default, and, jury being waived, the evidence was heard and damages assessed by the court, and judgment rendered in favor of the plaintiff and against the defendant.

At the same term of court, but more than three days thereafter, the defendant appeared, and with leave of court filed motion to vacate and set aside the judgment so rendered upon default and to permit it to file answer then tendered. Hearing on the motion was continued until the next term. The motion was then heard, and the court made its final order denying the same. From this order the defendant below has prosecuted this proceeding in error.

Plaintiff in error challenges the right of the court to render judgment at the time it did. Pursuant to section 5040, Revised Laws 1910, a trial docket was made up by the clerk of the court for the December, 1913, term, at which the judgment by default was rendered. Various actions were set thereon for hearing on particular days. A copy of the trial docket was made out for the use of the bar and printed. Section 5041. One of these printed copies was furnished the attorney for the defendant. Section 5042 provides that trial of issues of fact and the assessment of damages in any case shall be in the order in which they are placed on the trial docket, unless the court in its discretion shall otherwise direct. This case did not appear at any place on the printed copies of the trial docket, and it is insisted that the court did not have the right subsequently and during the term to place the same on the trial docket and render judgment without further notice to the defendant, although it had been in default for some time.

We do not think that the sections of the statute above referred to impose such limitation upon the power of the court. It is quite clear that the court may during the term try other cases than those placed on the trial docket by the clerk, pursuant to section 5040. Section 5043 fixes the time when actions are triable, and is as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

Section 5040 requires that the trial docket be made up by the clerk at least 12 days before the first day of the term. It will readily be seen that actions commenced before, or even after that docket is made up, may thereafter be brought to issue, and under section 5043 stand for trial during the term. To limit the court during the term to trial of those cases only placed on the trial docket prepared pursuant to section 5040 and printed pursuant to section 5041 would be contrary to the plain meaning of section 5043. Hence we conclude that the court may add other cases to the trial docket during the term, and assign them to particular days for trial. If the defendant is in default by reason of not having filed an answer or other pleading within the time fixed or allowed therefor, judgment may be rendered immediately. That is the plain meaning of that part of section 5043 which reads, when stripped to the portion applicable:

"When the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and * * * shall * * * stand for trial forthwith."

See, also, Race v. Maloney, 21 Kan. 31; Leonard v. Hargis, 58 Kan. 40, 48 Pac. 586.

If the case had been placed on the trial docket before it was printed, and defendant had thereby been advised in advance of the day it would be disposed of, it would have availed it nothing, since, being in default, it had no right to offer any defense or to be heard, unless in the matter of the assessment of the damages. But no complaint is made that the damages awarded are excessive, and leave was not asked to reopen the case in order that the defendant might be heard or present evidence thereon. It is asking to be allowed to raise an issue as to its liability and to be allowed to present its defense thereto.

We think the plaintiff in error made a sufficient showing for the purpose of the motion that there was merit in the proposed defense to the action. The prima facie showing made by it was not contested by defendants in error, if indeed it was permissible to do so. See McLaughlin v. Nettleton, 5 Okla. 319, 321, 105 Pac. 662. However, this alone is not sufficient.

A judgment rendered upon default against a party duly summoned to answer, but who fails to do so within the time fixed therefor, may not be set aside merely because such party had a meritorious defense. It must be made to further appear that the party was prevented from making a timely presentation of it, upon some grounds named by the statute for granting such relief. M., K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226, L. R. A. 1916E, 100.

The default was entered and judgment rendered thereon because the defendant had failed to plead to the petition. Whether answer or other pleading was due earlier, it is conceded that it was due not later than the day the transcript was filed in the lower court upon the remand from the United States court. Morbeck v. Bradford-Kennedy Co., 19 Idaho, 83, 113 Pac. 89. This was more than a year and a half after the time fixed by the summons for answer, nearly 6 months after the motion to remand was filed, 26 days after the order to remand was made and entered in the United States court, and four months and 18 days before the default was entered. The defendant seeks to excuse its failure to answer or plead at the time because it says that it did not know that jurisdiction had been reinvested in the state court, and the action was again pending therein,

not having been notified or informed that the United States court had acted upon the motion to remand and that the order had been made. It is admitted, however, that its attorney had notice of the filing of the motion to remand, and in answer to the notice telegraphed the judge of the court on February 24, 1913, that the removal had been abandoned by defendant, and suggested that plaintiff should pay the costs. This was five months and 11 days before the transcript or remand was filed in the state court, and 9 months and 29 days before the entry of default therein. During all this time defendant's attorney made no inquiry of the clerk of either court, opposing counsel, or any one else as to the disposition of the motion or the status of the case, although he was on different occasions during the time present in the court below looking after other litigation for this same client, and had met the opposing counsel there. In the affidavit of the attorney it is stated:

"It had been the uniform and universal rule of the clerk of the United States court to promptly advise him of the action and rulings of the court upon motions to remand and like proceedings, and he depended upon the clerk to do so in this case."

It is not claimed that the clerk promised or was even requested to notify counsel of the final disposition of the motion in this particular case. No statute or rule of court has been called to our attention requiring the clerk to give such notices. It seems they were only sent this particular attorney in other cases as a matter of courtesy to him. As he had not received any notice in this instance, the attorney testified:

"I assumed that it had never been acted upon and that it was still in that court."

It seems to us that this assumption was not warranted under the circumstances. Counsel was advised that the motion had been set for hearing; not only did he not appear to oppose it, but advised the judge of the court that he had abandoned the removal of the case, thereby impliedly assenting to granting the motion to remand. He should have realized that it was at least probable that the order would be granted at an early sitting of the court; and when he had not been advised within a reasonable length of time of the disposition of the matter, the exercise of the least care or the slightest diligence, it seems to us, should have prompted him to make inquiry. A very little effort on his part would have enabled him to ascertain the true status of the case. It is the duty of attorneys to keep themselves informed as to the proceedings had in their cases pending in the courts, and if they re-

ly on a general custom or habit of the clerk to advise them, they do so at their peril. First National Bank v. Wentworth, 28 Kan. 183.

It is further claimed that defendant's attorney was misled as to the fact that the case was pending in the court below by reason of the fact that it was not on the printed trial docket for the December or the previous term. The pleading was due and the default was suffered long before they were made up. Knowledge of his default might thereby have been brought to him sooner than it was, but his situation would have been the same. It would yet have remained for him to make the same showing later required to vacate the judgment, before he would have been entitled as a matter of right to file an answer and defend in the action.

Rather bitter complaint is made of opposing counsel because they did not inform the attorney for the defendant of the status of the case before taking judgment by default. The record has been carefully read, and nothing found that was said or done by them which could have misled any one as to the status of the case or their intentions, or anything that imposed upon them the duty of notifying opposing counsel that their motion to remand had been granted. It does not even appear that they knew or suspected that counsel had not kept himself informed as to the status of his case.

An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. M., K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226, L. R. A. 1916E, 100, and authorities there cited.

While we do not say that it would have been an abuse of discretion to have set aside the judgment upon the showing made, and as much as we regret that a party has been deprived of the opportunity to litigate his rights through oversight or neglect, yet we cannot say that the oversight or neglect in this case was such as the law excuses, or that the trial court abused its discretion in refusing to vacate the judgment.

The order appealed from is affirmed.

All the Justices concur, except RAINEY, J., not participating, and THACKER, J., absent.