#### UNCLE SAM OIL CO. v. RICHARDS.

No. 9034—Opinion Filed Sept. 17, 1918.

Rehearing Denied Nov. 19, 1918.

(176 Pac. 240.)

1. **Appeal and Error — Review — Setting Aside Default Judgment.**

Where there has been a trial of a cause in the absence of a party or default judgment rendered, and no objections and exceptions saved, the rulings of the court in the trial of said cause cannot be reviewed on appeal.

2. **Judgment — Default Judgment — Vacation.**

It is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure to do so is not grounds to vacate a judgment rendered in the absence of such party or his attorney.

(Syllabus by Pryor, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by A. M. Richards against the Uncle Sam Oil Company. Default judgment for plaintiff, petition to set aside the judgment denied, and defendant brings error. Affirmed.

Redmond S. Brennan, for plaintiff in error.

Blake & Thorne, for defendant in error.

Opinion by PRYOR, C.' This is an action by A. M. Richards against the Uncle Sam Oil Company, to recover under a contract for developing certain oil and gas leases in Payne county.

The defendant company answered in said cause, the cause came on for trial on the 2d day of December, 1915, and the defendant failed to appear and make defense, and there was trial of said cause in its absence, and judgment rendered for the plaintiff in the sum of $3,759.48 on the 17th day of April, 1916.

The defendant company filed a petition in said cause to have said judgment set aside, and that it be granted a new trial in said cause on the grounds of unavoidable casualty which prevented the defendant from appearing and making a defense to the plaintiff's action. The petition to set aside the judgment was denied by the trial court, and the defendant company appealed.

The defendant on appeal here urges several assignments of error alleged to have been committed by the trial court in the trial of said cause. Where there has been a trial of a cause in the absence of a party or default judgment rendered, and there is no exception saved to the action of a trial court in the trial of said cause, the same cannot be reviewed on appeal, unless the questions raised are jurisdictional. Martindale v. Beattey, 73 Kan. 94, 84 Pac. 527; Johnson v. Jones, 58 Kan. 745, 51 Pac. 224.

All of the evidence taken on the hearing to vacate the judgment is not preserved in the record. The principal grounds relied upon for the vacation of the judgment is that the clerk neglected to notify attorneys for the defendant that the cause was set for trial.

The evidence shows that the attorney for the defendant, who resides in Kansas City, Mo., communicated by letter on several different occasions with the clerk of the court, regarding the time when said cause would come up for trial, also once by telephone. The last communication that counsel for the defendant had with the clerk in regard to the setting of said cause for trial was on the 27th day, of May, 1915, and the cause was set for trial, and heard on the 2d day of December, 1915. Between the two dates neither the attorney for the defendant, nor the defendant, made any inquiry or any effort to ascertain when the cause would be

set for trial. The failure of the clerk to notify a party for his attorney that a cause is set for trial is not a ground under the statutes for the vacating or setting aside of a judgment rendered in his absence. North v. Hooker, 68 Okla., 106, 172 Pac. 77; Western Coal & Mine Company v. Green, 64 Okla. 53, 166 Pac. 154.

The facts as disclosed by the record here tend rather to show that the defendant or its counsel had not used due diligence in keeping informed as to the setting of said cause for trial and the trial thereof and its want of proper diligence in appearing and defending said cause. The trial court did not abuse its discretion in refusing to vacate and set aside said judgment.

Therefore the judgment of the trial court refusing to set aside its former judgment should be affirmed.

By the Court: It is so ordered.