**OLENTINE et al. v. ALBERTY et al.**

No. 9996—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Judgment—Default—Showing to Vacate.**

A judgment upon default will not be vacated upon a showing that the party had a meritorious defense; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief.

**2. Appeal and Error—Discretion of Trial Court—Vacating Default Judgment.**

An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion.

**3. Judgment — Vacation — "Unavoidable Casualty or Misfortune."**

When "unavoidable casualty or misfortune" is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Lucy Alberty and Lee Ross against Charles Olentine and others, to cancel deeds to certain lands in Craig County, Oklahoma. Judgment for the plaintiffs, and defendants bring error. Affirmed.

W. W. Noffsinger and A. L. Harris, for plaintiffs in error.

R. C. Armstrong, Jr., for defendants in error.

PER CURIAM. This action involves the title to certain lands in Craig county, Oklahoma, and is brought to cancel certain deeds and for the rents and profits during the time it is alleged defendants were in possession thereof. For convenience, the parties will be referred to as they appeared in the trial court.

The petition alleges that one Malinda Alberty was duly enrolled on the rolls of the Five Civilized Tribes as a Cherokee freedman, and that on July 4, 1909, she died intestate, leaving as her only surviving heirs at law her husband, Lee Ross, and her mother, Lucy Alberty, and further alleges that during her lifetime she gave certain deeds to her homestead allotment and surplus allotment, which deeds were void on account of her minority.

Answer was filed by the defendants, setting up a general denial, and denying specifically that the deeds were given during the minority of the allottee. The case was regularly set down for trial, and trial was had in the absence of the defendants or of their counsel, and on December 11, 1917, judgment was rendered for the plaintiffs by default decreeing them to be entitled to the lands and the possession thereof, and judgment was rendered for the plaintiffs against the defendants Charles Olentine, James M. Anthis, and J. H. Childers in the sum of $900 damages for the wrongful withholding of the lands and rents thereof.

Defendants in due time filed a motion for a new trial and for the setting aside of the judgment by default, alleging, among other things, that J. H. Childers, one of the defendants, who was the attorney of record for the defendants and who had filed the answer for the defendants, had not for some time acted as attorney in the case, but that the defendants had, with the knowledge of the plaintiffs and their attorney, employed Messrs. Noffsinger and Harris as attorneys and that these attorneys had an understanding with counsel for the plaintiffs that plaintiffs' counsel would advise them when the case was set down for trial. Counsel for plaintiffs filed an affidavit in the trial court denying that he had any understanding with counsel for the defendants that he would advise them when the case was set for trial, and alleging that no advantage was taken of the defendants in any way in procuring the judgment by default. The motion for new trial and to set aside default judgment was regularly heard by the trial judge and overruled.

The propositions relied on by defendants for reversal of the judgment are that the trial court erred in refusing and overruling the defendants' motion to vacate and set aside the default judgment, and that said judgment is not sustained by the evidence. It is urged that there was an abuse of discretion by the trial court in refusing to set aside the judgment rendered in the absence of counsel for the defendants, and that the answer presented a good and valid defense.

Defendants cite certain Oklahoma cases which hold that it is an abuse of discretion for the trial court to refuse to open a judgment by default where the answer presents a good defense and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of the trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion. But these cases cited by them do not sustain the position urged by the defendants. In the case of Cohen v. Cochran

Grocery Co., 70 .Oklahoma, 173 Pac. 642, judgment had been rendered against the defendant on a void process and when the defendant and his attorney were absent on account of unexpected and unavoidable delay of the arrival of the railway train upon which they were traveling. The court therefore held that it was an abuse of discretion under these facts not to set aside the .default judgment. In Hodges v. Alexander, 44 Okla. 598, 145 .Pac. 809, counsel for the defendants had been called out of the state on account of the illness of his mother and had been told by the trial judge that his case would be continued because of his absence. On counsel's return to the state he was told by the trial judge that the cases had been continued and understood the judge to say that they had been continued for the term. He thereupon left town and judgment was rendered against the defendants in his absence. The court here held that it was an abuse of discretion on the part of the trial judge not to set aside the default judgment. In McLaughlin v. Nettleton, 25 Okla. 319, 105 Pac. 662, counsel for the defendant had telegraphed the clerk of the court on the 18th day of May, asking to be advised when the case was set for trial, and received a telegram in reply that it was set for the 1st. There was a mistake in transmitting the message and the telegram should have read 21st instead of the 1st. Thinking that the case would not be tried until June 1st, neither counsel nor his client made any attempt to be present on the date the case was actually set for trial. The court held that under the statute the trial judge should have set aside the default judgment. The case of Thomas Douglas v. Badger State Mine, 41 Wash. 266, 83 Pac. 178, 4 L. R. A. (N. S.) 196, construes a different statute of a different jurisdiction, and does not state the law of Oklahoma.

A judgment upon default will not be vacated upon a showing that the party has a meritorious defense; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief. Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 Pac. 154; M., K. & T. Ry. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226, L. R. A. 1916E, 100.

It appears that no notices were mailed out by the clerk of the court of Craig county advising counsel of the setting of the cases for trial, and that it was not the custom to do so in this court. Counsel for the defendants were not notified by the court clerk of the setting of their cases for trial, nor do they appear to have relied upon any right to any notice by the clerk, but they seem to have depended upon receiving information of the date of the trial from counsel for plaintiffs. This they had no right to do. While it would have been a matter of courtesy for counsel for plaintiffs to have notified them of the date of the trial had he known the date the case was set for trial, he was not bound to do so, and it was therefore not an abuse of discretion on the part of the trial court not to set aside the default judgment after hearing on this ground.

Counsel for the defendants, knowing that the case was docketed and that the issue had been made up, were in duty bound to inquire of the clerk of court of Craig county when the case was set. In Western Coal & Mining Co. v. Green, supra, it was held that in the absence of some statute or rule of court requiring it, parties who rely upon the custom of the clerk to notify when orders are entered on motion pending in their cases do so at their peril.

By section 5033, Rev. Laws 1910, subdiv.3, it is provided that a former decision shall be vacated and a new trial granted on the application of the party aggrieved on account of "accident or surprise, which ordinary prudence could not have guarded against," and by section 5267, subdivisions 3, 4 and 7, a district court may vacate its own judgments or order "for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order;" "for fraud, practiced by the successful party, in obtaining the judgment order;" "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." In construing these statutes this court has held that an application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Western Coal & Mining Co. v. Green, supra; M., K. & T. Ry. Co. v. Ellis, supra; Ratcliff v. Sharrock, 44 Okla. 592, 145 Pac. 803; Lindsey v. Goodman, 57 Okla. 408, 157 Pac. 344.

In Lindsey v. Goodman, supra, it was held that when "unavoidable casualty or misfortune" is alleged the fact must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

Defendants further contend that the judgment is not sustained by the evidence for the reason of its incompetency or insufficiency in establishing the minority of the allottee in the deeds, or the rental value

of the lands. While the testimony of the witnesses as to the age·of the allottee is not the most satisfactory, in the absence of any contradictory testimony, it cannot be said that the court abused his discretion in granting a judgment based upon it. Defendants also contend that the enrollment records of the Commissioner to the· Five Civilized Tribes were not admissible in evidence as to transactions relating to sale of allotted lands concluded prior to the date when they were made so by Congress, to wit, act of Congress of May 27, 1908, c. 199, 35 Stat. 312. It appears that the last deeds given by the allottee herein to Charles Olentine were subsequent to the date of May 27, 1908. The enrollment records were competent for the purpose of showing the age of the allottee at such time. Nor are we prepared to say that the evidence introduced to show the rental value of the lands is insufficient to sustain the judgment of the trial court.

For the reason stated, the judgment of the trial court is affirmed.