## COLLEY v. SAPP et al.

No. 10578—Opinion Filed April 18, 1922.

Rehearing Denied July 3, 1923.

(Syllabus.)

1. **Judgment—Default—Vacation — Notice of Trial Date.**

A party who relies upon the clerk of the court to notify him as to the day upon which his case is set for trial does so at his peril. It is not the official duty of the clerk to so notify a party litigant or his attorney, and failure of the clerk to do so, is not ground to vacate a judgment rendered in the absence of such party.

2. **Trial—Dockets—Duties of Clerk.**

It is a statutory duty of the clerk of the district court to make out a trial docket at least 12 days before the first day of each term of court, and set actions for particular days, so arranged that the cases set for each day shall be considered as nearly as may be on that day, and to make out a copy of the trial docket for the use of the bar before the first day of the term of court, and cause the same to be printed.

3. **Appeal and Error—Discretionary Rulings—Refusal to Vacate Default Judgment.**

An application to vacate or set aside a default judgment, where the case had been regularly set for trial, is addressed to the sound legal discretion of the trial court on the particular facts of each case; and, when the trial court refuses to vacate the judgment, the action of the trial court will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion in refusing to vacate.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Edward E. Sapp and Hiram W. Currey against William E. Colley to recover attorney's fees. Judgment for plaintiffs, and defendant brings error. Affirmed.

Rice & Lyons, for plaintiff in error.

Biddison & Campbell, for defendants in error.

PITCHFORD, V. C. J. The defendants in error, being attorneys-at-law, were employed by the plaintiff in error to bring an action in the Circuit Court of the United States for the District of Kansas, wherein the plaintiff in error, for himself, and also for himself as a stockholder in the New York Zinc Company, and all the stockholders whose situation in said corporation was similar to that of himself, to have set aside and canceled certain mortgages, judgments, liens, etc., which Charles C. Wolcott and Francis E. Wolcott had and held against certain mining lands and property belonging to said New York Zinc Company.

The cause was referred to a special master, who, after hearing the evidence, filed his report recommending that a decree be entered granting substantially all the relief prayed for in the action. Before a decree had been entered on the report of the master, the plaintiff in error hired other counsel and requested defendants in error to withdraw from the case. Thereupon defendants in error asked for, and obtained from the court, an order permitting them to withdraw from the cause. The report of the master was approved and the decree rendered. In the decree so rendered defendants in error were allowed the sum of $10,000 as their fee against the New York Zinc Company as an entity.

Thereafter the instant action was filed in the district court of Tulsa county by defendants in error against the plaintiff in error to recover fees due them from plaintiff in error for the services for his individual benefit, and which inured to him alone as distinguished from the other stockholders of the New York Zinc Company and that corporation itself. Hereafter, for convenience, defendants in error will be referred to as plaintiffs, and plaintiff in error will be referred to as defendant.

Upon trial the jury returned a verdict in favor of plaintiffs for the sum of $7,000. Defendant appealed to this court and the judgment of the trial court was reversed, the opinion being reported in 44 Okla. 16, 142 Pac. 989, the style of the case being Colley v. Sapp et al. The judgment was reversed for errors of the trial court in overruling objections to certain evidence, and error in giving the following instruction:

"The amount that may be recovered from the defendant by the plaintiffs is not to be governed in amount by the services performed for his individual benefit, and which inured to him alone as distinguished from the other stockholders of the New York Zinc Company, and that corporation itself, but the liabilities of the defendant would be for the service performed under the contract, regardless of parties benefitted thereby, less any compensation otherwise received by the plaintiffs or which has been otherwise provided for their benefit."

In reference to the above instruction, this court, in the opinion reversing the judgment of the lower court, said:

"The jury returned a verdict for only $7,000, which amount, it appears, exactly corresponds with the difference between the plus the $500 received by plaintiffs at the York Zinc Company (apparently $12,500) plus the $500 received by plaintiffs at the commencement of their services and the whole fee according to the only specific testimony as to the value of all their services; and if we could say that the jury thus allowed defendant a credit of the $2,500 in deference to the fact that the services fairly referable and apportionable to the benefits received by the New York Zinc Company in that amount exceeded the $10,000 allowed against it, the error in the instruction mentioned would be harmless; but, instead of giving credit for $2,500 as such excess, the jury may have found, and we must assume followed the instructions and did find, the value of all the services rendered by plaintiff to be only $17,500, which explains the fact that the verdict for $7,000 is $2,500 less than it should have been if the jury had accepted as correct the opinions of the witnesses specifying $20,000 as the minimum value of all the services, so it appears the error was not harmless."

The cause was remanded for new trial and was regularly set on the trial docket of the district court of Tulsa county for October 21, 1918. When the same was reached on that date, it was continued by order of the court until November 11, 1918. On that day, continued until November 12, 1918. On being reached for trial on November 12, 1918, neither the defendant nor his attorneys appeared in the matter, and the court ordered the trial to proceed. The trial

was had and judgment rendered in favor of the plaintiffs for the sum of $7,500, with interest thereon amounting to the sum of $4,515. No motion for new trial was filed. On December 11, 1918, defendant filed his petition and motion to vacate judgment, setting up as grounds why the judgment should be vacated the following:

"That the judgment was rendered in the absence of the defendant, and that the defendant was prevented from defending said action by unavoidable casualty and misfortune, as more fully and completely set out in the affidavit of Arthur Miller, one of this defendant's attorneys."

The petition to vacate was heard by the court on December 30, 1918, and the same was denied. The judgment, however, was modified to the extent of not allowing interest. From the judgment of the trial court refusing to vacate, defendant appeals.

Subsequent to the filing of the appeal in this court, the death of Hiram W. Currey, one of the plaintiffs, has been suggested, and by order duly entered, the cause has been revived in the name of Enos C. Currey, as administrator of Hiram W. Currey, deceased.

For reversal of the judgment numerous errors are assigned, but, as we gather from argument of counsel and authorities cited, defendant is really relying upon but two grounds: First, that the judgment of the trial court is excessive and inconsistent with and contrary to the opinion in this case rendered on the former appeal; and, second, that the trial court committed error in refusing to set aside and vacate the default judgment on the 12th day of November, 1918. One of the reasons for reversing the former judgment was error contained in one of the instructions to the jury as to the method of computing the amount to which the plaintiffs would be entitled. As we understand the opinion, the trial court would not have committed error had the instruction been as follows:

"The amount that may be recovered from the defendant by the plaintiffs is to be governed in amount by the services performed for his individual benefit, and which inured to him alone as distinguished from the other stockholders of the New York Company, and that corporation itself."

As to whether or not the judgment is excessive, we have no way of ascertaining. No exceptions were saved to the action of the trial court when the default judgment was taken; no motion for new trial was filed.

In Uncle Sam Oil Company v. Richards, 73 Oklahoma, 176 Pac. 240, it is said:

"Where there has been a trial of a cause in the absence of a party or default judgment rendered, and no objection and exceptions saved, the rulings of the court in the trial of said cause cannot be reviewed on appeal, unless the questions raised are jurisdictional."

In the absence of the evidence, we are to presume that the trial court strictly followed the suggestions of this court in the first paragraph of the syllabus to the opinion in the case as formerly rendered by this court, which is as follows:

"Where C. is contractually bound to pay attorneys the reasonable value of all their services, in the greater part beneficial to a corporation in which C. is a stockholder and in the other part beneficial only to C. as an individual, where the court in which the service is performed makes and said attorneys accept an. allowance against said corporation in part satisfaction of said fee, in the sum of $10,000, in full for such services beneficial to said corporation, and where said sum of $10,000 is less than that portion of the whole fee fairly referable and apportionable to said services beneficial to said corporation. C. is released from liability for said $10,000, plus the amount in excess thereof so fairly referable and apportionable, and is thenceforth liable only for such portion of the whole fee as is fairly referable and apportionable to the services not so beneficial to the corporation."

The next question for our consideration is, Did the trial court abuse its discretion in refusing to set aside and vacate the judgment complained of? Practically the only showing made for vacating the judgment is contained in the affidavit filed by Mr. Miller, one of the attorneys for the defendant. In the affidavit Mr. Miller states that he was one of the attorneys, from the beginning of the action; that Rice & Lyons, of Tulsa, Okla., were also attorneys for defendant; that Rice & Lyons had withdrawn from the case, leaving no local attorney to look after the cause, and that the attorneys for the defendant lived in Kansas City; that, on October. 2, 1918, he addressed a letter to the clerk of the district court of Tulsa county with stamped envelope addressed to the firm of New, Miller, Camack & Winger; that he was a member of this firm, and that he requested the clerk to wire the firm at the firm's expense when the cause would be set for trial; that he had not received any notice from the clerk regarding the setting of the case; that he was in Washington, D. C., the latter part of October. 1918, and returned to Kansas City November 11. 1918; that he had no knowledge or information that the case had been set for trial until Wednesday, December 4, 1918, when a letter came from Rice & Lyons which was dated November 5, 1918, but which did not reach him until December 4, 1918; that he immediately telegraphed to Rice & Lyons asking what disposition had been made of the case, and called them on long distance telephone and employed Rice & Lyons to personally investigate the case and advise affiant as to what had been done, and if a judgment had been entered for them to file on behalf of defendant a proper motion to set same aside.

In view of the showing made, we are not prepared to say that there was any abuse of discretion in the trial court in refusing to set aside the judgment. Even if it should clearly appear that the clerk had promised to notify defendant's counsel of the setting of the case for trial, and had failed to do so, this would not entitle the defendant to a new trial. There is no statute requiring the clerk to notify parties or attorneys as to the day upon which a particular case is set for trial. The regular terms of the various district courts of the state are fixed by statute, and it is the duty of all parties having cases pending in any of said courts to take notice of the day fixed by statute, and it is the duty of all parties having cases pending in any of said courts to take notice of the day fixed by statute.

Section 5040, Revised Laws of 1910 provides that the clerk of the court shall make out a trial docket at least 12 days before the first day of each term of the court, and set actions for particular days in the order prescribed by the judge of the court, and so arranged that the cases set for each day shall be considered as nearly as may be on that day.

Section 5041, Id., makes it the duty of the clerk to make out a copy of the trial docket for the use of the bar before the first day of the term of court, and cause the same to be printed. There is no showing in the motion to vacate the judgment in the instant case that the clerk failed to comply with this statutory duty. It is to be presumed that the docket was made out and printed for the use of the bar. This is as far as the statute requires the clerk to go. Anyone interested in litigation at that term of the court could easily ascertain just when the cause in which he was interested was set for trial; and, where a party seeks to vacate a default judgment regularly set for trial, on the ground that he requested the clerk to notify him, and the clerk promised him to do so, but failed, such party has not used such a degree of diligence as would

justify this court in holding that the trial court had abused its discretion in refusing to vacate and set aside the judgment so rendered.

The Supreme Court of Kansas, in the case of First National Bank v. Wentworth, 28 Kan. 129, laid down the rule as follows:

"Parties who rely upon the clerk of the court to send word to them as to the days upon which their cases are set for trial, do so at their peril, for it is not one of the duties cast upon him to send such notice to litigants."

The rule appears to be settled by a long line of decisions that a motion or petition to vacate a default judgment is addressed to the sound legal discretion of the trial court on the particular facts of each case, and its determination should not be disturbed on appeal unless it clearly appears there has been an abuse of discretion in rendering the judgment complained of.

In Western Coal & Mining Company v. Green, 64 Okla. 53, 166 Pac. 154, it is said:

"An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion."

In North v. Hooker, 68 Okla. 106, 172 Pac. 77, the second paragraph of the syllabus is as follows:

"(2) Where it does not clearly appear that the court below abused its discretion, its action in relation to such motion will not be disturbed on appeal."

In the body of the opinion, Kane, J., speaking for the court, said:

"When a case is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case has been taken and no leave to be absent has been granted to the parties or their counsel."

In the case of Uncle Sam Oil Co. v. Richards, 73 Oklahoma, 176 Pac. 240, in the first and second paragraphs of the syllabus the court says:

"(1) Where there has been a trial of a cause in the absence of a party or default judgment rendered, and no objections and exceptions saved, the rulings of the court in the trial of said cause cannot be reviewed on appeal."

"(2) It is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure to do so is not grounds to vacate a judgment

rendered in the absence of such party or his attorney."

Our conclusion is that the cause was tried in conformity with the opinion of this court when the case was here on appeal. As before stated, we are not authorized to pass on the merits of the case, or consider the evidence, exhibits and affidavits introduced in the former trial, or the evidence in the second trial below, for the reason that none of the evidence of the first trial is properly in the record, and none of the evidence introduced in the second trial is in the record. All we have before us are the affidavit of Mr. Miller, the evidence in support of the same, certain letters, the opinion of this court reversing the lower court on a former trial, and the judgment and ruling of the court refusing to vacate the judgment.

We therefore conclude that the judgment of the trial court refusing to set aside the default judgment should be affirmed, and it is so ordered.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.