## UNITED STATES SMELTING CO. v. McGUIRE.

No. 14928—Opinion Filed June 30, 1925.

Rehearing Denied Feb. 22, 1927.

**1. Judgment—Vacation of Default — Statutory Grounds.**

A judgment upon default will not be vacated upon a showing that the party had a meritorious defense: it must be made to further appear that he was prevented from making timely presentation of it upon some of the grounds named by the statute for granting such relief.

**2. Same—Effect of Expiration of Court Term.**

After a term of court has ended. all final orders or decrees of the court pass beyond its control unless steps be taken during the term in which such final orders and decrees were pronounced, by motion or otherwise, to set aside, modify, or correct them.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by C. Lincoln McQuire against the United States Smelting Company. Judgment for plaintiff, and defendant appeals. Reversed.

W. N. Lewis and Leslie J. Lyons, for plaintiff in error.

Ed. Hirsh, for defendant in error.

Opinion by FOSTER, C. This is an appeal from a judgment and decree of the district court of Murray county. The defendant in error. on May 22, 1923. obtained a judgment in said court vacating and setting aside a judgment obtained by the plaintiff in error, on November 16, 1921, in said court in cause No. 1416, wherein the plaintiff in error was plaintiff and the defendant in error was defendant, and wherein the plaintiff in error recovered a judgment of $724.63.

The defendant in error filed his petition on June 6, 1922, to set aside the said judgment rendered against him at a previous term of the court. alleging, among other things, that the judgment was rendered in his absence upon false and perjured testimony. Issues were joined and the cause proceeded to trial before the court, which

entered a judgment in favor of the defendant in error vacating and setting aside the judgment obtained by the plaintiff in error on November 16, 1921, in cause No. 1416, and ordering the clerk to place said cause on the trial docket for a new trial.

In the trial court, the plaintiff in error was the defendant and the defendant in error was the plaintiff, and they will be referred to in this opinion as they appeared in the trial court.

The judgment of the trial court is assailed by the defendant on several grounds. Among other things, it is said that the petition of plaintiff was insufficient to allow the introduction of testimony thereunder and that its demurrer to the evidence interposed at the close of the evidence should have been sustained and judgment rendered in its favor.

The record, as brought here for review, discloses two separate judgments. One of these judgments purports to find that all of the allegations of plaintiff's petition are sustained by the evidence. In the other, there are incorporated six findings of fact in which it is found in effect that none of the allegations of the plaintiff's petition are sustained by any evidence except that in which it was asserted that the plaintiff had a meritorious defense to the original action.

The journal entry of judgment first referred to does not show when it was actually filed with the clerk, although it purports to have been made on the 22nd day of May, 1923. The judgment last referred to above was filed on the 14th day of June, 1923, and contains the following special findings of fact:

"1. That the Smelting Company on November. 16, 1921, obtained judgment in cause No. 1416 against Mr. McGuire for $724.63.

"2. That said judgment was obtained upon the day the cause was regularly set for trial; that Mr. McGuire made default and his counterclaim was dismissed for want of prosecution.

"3. That Mr. McGuire on December 1, 1921, filed a motion to vacate; on December 12, 1921, he filed an amended motion and affidavit to vacate; on December 13, 1921, he filed a motion for a new trial which was on that day overruled; that he gave notice of appeal and filed a supersedeas bond; that said appeal was not perfected.

"4. That the hearing in this proceeding was had upon the allegations in the petition which stated that in cause No. 1416 Smelting Company obtained its judgment by falsehood, fraud, and perjured testimony; that

all other allegations in the petition had been stricken by the court upon the hearing of the demurrer to said petition.

"5. That the plaintiff in this cause herein did not produce at the hearing herein any of the evidence which was introduced by the defendant herein at the trial of the aforesaid cause No. 1416 had on November 16, 1921, in this court and upon which the court in that cause rendered judgment in favor of the plaintiff and against the defendant; that the plaintiff herein did not at the hearing introduce any testimony or evidence showing or tending to show there was any perjured testimony whatever used, procured or introduced at the trial of said cause No. 1416 on November 16, 1921, and upon which this court based its judgment therein.

"6. The court does find however, that the plaintiff herein, C. L. McGuire, did at the hearing herein on this day submit and introduce testimony herein which showed that he, as defendant in said original cause No. 1416, had a meritorious defense thereto."

It further appears from the record that the judgment containing the special findings of fact was objected to by the plaintiff and a request made by him at a hearing before the trial judge, had upon certain suggestions of amendments to the case-made, that said judgment be eliminated from the case-made on the ground that the findings of fact embodied therein were not requested at the time of the trial, but this request was overruled and the case-made was thereupon signed and settled as a true and correct case-made containing both judgments.

The record and evidence, when viewed in their entirety, fail, we think, to support the judgment of May 22, 1923. In any event there being a conflict between the general findings and the special findings, the special findings must control.

The trial court when the case-made was signed and settled, having before it the entire record and having its special attention called to the question as to whether or not the defendant requested special findings of fact, it must be presumed that it would not have incorporated this journal entry of June 14, 1923, in the record if for any reason it would have been improper, by reason of the failure of the defendant to make timely request for the findings of fact embodied therein.

Since the trial court found that no issue had been submitted to the court except whether or not there had been false and perjured testimony used by the defendant in the procurement of the judgment of November 16, 1921, and since it also found that the plain-

tiff did not, at the hearing, introduce any evidence showing or tending to show the use or procurement of perjured testimony by the defendant, there is only one question left for determination, and that is whether or not the court erred as a matter of law, in finding and concluding that the plaintiff was entitled to a new trial for the sole reason that he had established a meritorious defense.

In the case of Olentine et al. v. Alberty et al., 82 Okla. 9, 198 Pac. 296, this court said:

"A judgment upon default will not be vacated upon a showing that the party had a meritorious defense; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief."

In Western Coal & Mining Company v. Green, 64 Okla. 53, 166 Pac. 154, the court said:

"We think the plaintiff in error made a sufficient showing for the purpose of the motion that there was merit in the proposed defense to the action. The prima facie showing made by it was not contested by defendants in error, if indeed it was permissible to do so. However, this alone is not sufficient. A judgment rendered upon default against a party duly summoned to answer, but who fails to do so within the time fixed therefor, may not be set aside merely because such party had a meritorious defense. It must be made to further appear that the party was prevented from making a timely presentation of it, upon some grounds named by the statute for granting such relief."

No allegation was made by the plaintiff in his petition, nor any attempt made in the proof to show that he was prevented from appearing at the trial on November 16, 1921, by any fraudulent conduct, extraneous or collateral to the issues tried and determined, within the rule laid down in the case of Scott v. Abraham, 60 Okla. 10, 159 Pac. 270, and El Reno Mutual Life Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700.

The plaintiff in his brief does not, as we understand it, seriously controvert the statement of law contained in the cases cited, but contends that the true rule applicable to the situation here presented is whether or not the trial court abused its discretion in setting the judgment aside.

The cases cited and relied upon by the plaintiff seem to rest upon the general doctrine that the court has the inherent power during the term at which a judgment has been rendered, on its own motion, to set the

judgment aside at a subsequent term where the motion invoking this inherent power has been filed during the term the order or judgment was made.

It is true that the plaintiff filed a motion for a new trial during the term at which the judgment here sought to be vacated was rendered, but this motion was overruled and an appeal therefrom attempted, but never perfected.

The judgment overruling this motion had become final and no motion to set aside was filed during the term at which it was rendered. The instant case was a separate and independent suit in equity, filed at a subsequent term of the court, and in these circumstances, we think the authorities cited by the plaintiff have no application.

The mere fact that some action had been taken by the moving party during the term at which the judgment was rendered can be of no avail where final judgment is rendered in such action during that term.

Where judgment upon a motion, made during the term at which the original judgment was rendered, becomes final during said term, the court is just as powerless to modify such judgment after the term as it would be to modify the original judgment. In either case, after the term is ended, all final orders of the court pass beyond its control unless steps be taken during the term by motion or otherwise to set aside, modify, or correct them. Phillip Carey Company v. Vickers, 38 Okla. 643, 134 Pac. 851.

We think the judgment of the trial court should be reversed and the cause remanded, with directions to set aside its judgment and reinstate the judgment rendered in favor of the defendant in cause No. 1416, and that it take such further actions not inconsistent with the views herein expressed as accord with right and justice.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 286, §499. (2) 34 C. J. pp. 210, 212, §437.