### McCANDLESS et al. v. CHILDS.

No. 15613—Opinion Filed Sept. 8, 1925.

(Syllabus.)

1. **Judgment—Default—Failure of Clerk to Give Notice of Setting of Cause Not Ground for Vacation.**

In the absence of statute or rule of court it is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure to do so is not grounds to vacate a judgment rendered in the absence of such party or his attorney.

2. **Trial—Not Duty of Court to Call Absent Counsel.**

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by W. O. Childs against O. C. McCandless, Paul Burton, and Carl Rhodabarger. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. W. Reed, Jr., for plaintiffs in error.

Wm. Blake, for defendant in error.

PHELPS, J. The defendants herein executed three promissory notes in the sum of $1,000 each to the plaintiff, executing a chattel mortgage covering the personal property, for the purchase price of which the notes were given, to secure the payment of said notes. Defendants defaulted in the payment of the second note, and plaintiff filed his action in the district court of Pawnee county, Okla., to replevin the property covered by said mortgage.

The defendants demurred to the petition, and the demurrer was overruled by the court: whereupon, the defendants answered by general denial, and defendant Carl Rhodabarger, answering further, set up a counterclaim against the plaintiff, said counterclaim arising out of an alleged transaction had between himself and the plaintiff. Plaintiff filed a reply to this answer, denying the allegations of the defendant's answer. The issues were thus joined and the case came up for trial on the 25th day of February, 1924, but due to the failure of the defendants to appear in person or by attorney the same was continued to the 26th, and from the 26th to the 27th, and again to the 28th day of February, and on the 28th day of February, 1924, the defendants still failing to appear in person or by attorney to defend such action, judgment was rendered in favor of the plaintiff and against defendants, as prayed for in said petition, from which judgment and the court's order overruling motion for new trial defendants prosecute their appeal to this court.

The record discloses that counsel for defendants lived in Tulsa, but that there was associated with him as local counsel an attorney at Pawnee, who testified that he received a copy of the assignment of cases for trial at that term of the court. He further testified that on the day before judgment was rendered in the case he talked to defendants' attorney over the telephone and informed him that the case would be for trial the following day, and defendants' attorney promised to be present at the trial the next morning, but subsequently notified him by telephone that he would not be there but would send over an application for continuance. The court clerk testified that it was his usual custom, and he believed that he had done so in this case, to send a copy of the assignment of cases for trial to all lawyers whose names appeared as counsel in the cases for trial.

Counsel for plaintiffs in error contends that he had no notification of the setting of said cause, although the court clerk had promised to notify him when the case would be called for trial.

For a reversal of this cause plaintiffs in error contend that the trial court abused its discretion in not continuing the cause to a later date when counsel could be present, and cite Jennings v. Dyer et al., 41 Okla. 468, 139 Pac. 250; Wood v. Jones, 60 Okla. 111. 159 Pac. 325, and other authorities; but, upon careful examination, we find that these authorities are not applicable to the facts in the case at bar. The authorities cited reveal the fact that in these cases continuance was asked on account of the illness of either the party in interest or his attorney, and not by reason of the failure of the party in interest or his attorney depending upon the promise of the court clerk to notify them when the case was set for trial.

Therefore, the real question for us to determine is whether the failure of the court clerk, if he did so fail to give counsel for plaintiffs in error notice of the date of the trial of the case, is sufficient to constitute reversible error on appeal. We are forced to answer this question in the negative. This court has held in numerous cases that it is not the duty of the court clerk to notify a party or his attorney of the setting of a case for trial, and that a failure to do so is not a sufficient ground to vacate a judgment rendered in the absence of such party or his attorney. In announcing this rule in the case of Uncle Sam Oil Co. v. Richards, 73 Okla. 328, 176 Pac. 240, this court used the following language in the second paragraph of the syllabus:

"It is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure to do so is not grounds to vacate a judgment rendered in the absence of such party or his attorney."

And in the body of the opinion the following appears:

"The evidence shows that the attorney for the defendant, who resides in Kansas City, Mo., communicated by letter on several different occasions with the clerk of the court, regarding the time when said cause would come up for trial, also once by telephone. The last communication that counsel for defendant had with the clerk in regard to the setting of said cause for trial was on the 27th day of May, 1915, and the cause was set for trial, and heard on the 2d day of December, 1915. Between the two dates neither the attorney for the defendant, nor the defendant, made any inquiry or any effort to ascertain when the cause would be

set for trial. The failure of the clerk to notify a party or his attorney that a cause is set for trial is not a ground under the statutes for the vacating or setting aside of a judgment rendered in his absence. * * * Western Coal & Mine Co. v. Green, 64 Okla. 53, 166 Pac. 154."

If the court clerk is not bound to notify attorneys residing without the state of the setting of a case for trial, surely he would not be bound to notify attorneys residing in an adjoining county. Counsel for defendants claims that he depended upon the promise of the court clerk to notify him when the same was set for trial; but the promise of the court clerk to so notify him, being merely a moral obligation on the part of the court clerk to keep his word, would not, under the holdings of this court, ripen into a legal obligation to do so.

In Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 Pac. 154, this court held:

"In the absence of some statute or rule of court requiring it, parties who rely upon the custom of the clerk to notify them when orders are entered upon motions pending in their cases do so at their peril."

And in North v. Hooker, 68 Okla. 106, 172 Pac. 77, this court used the following language in the third paragraph of the syllabus:

"When a cause is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case has been taken, and no leave to be absent has been granted to the parties or their counsel."

The plaintiff, together with his witnesses and attorney, was present on the 25th of February, 1924, ready for the trial of this case, but the same was continued from day to day until the 28th in order to give the defendants and their attorney an opportunity to appear and defend, and when they failed to appear on that date, in our judgment, the trial court did not abuse its discretion in rendering judgment against the defendants and in refusing to set it aside, thus refusing to hold the plaintiff, his attorney, and the plaintiff's witnesses there longer for the trial of the case.

The judgment is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 307, § 525. (2) 38 Cyc. p. 1299.