## QUADRANGLE PETROLEUM CO. v. WESTERN DRILLING CO. et al.

No. 15011—Opinion Filed Sept. 28, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Judgment — Grounds for Vacating Default Judgment—Lack of Notice of Ruling on Demurrer.**

In the absence of fraud or mistake, it is not sufficient ground upon which to vacate a default judgment that the defendant or his attorneys of record had no notice of the hearing of a demurrer and overruling same, and granting time to further plead, after which time the judgment was rendered.

**2. Partnership—Debts—Nonliability of Outsider with Rights Under Subcontract with Partner.**

A contract between a member of a partnership and an outsider to give him an interest in the profits accruing to such member from the business or enterprise in consideration of his paying a part of said member's expenses in carrying on the business, is a subcontract and does not make the outsider a member of the partnership or liable to third parties for debts of the partnership.

**3. Same—Outsider as Mining Subpartner not Estopped to Deny Liability.**

Where it is sought to hold an outsider liable for a debt of a mining partnership as a member of the same, and the evidence shows that said outsider often counseled and advised with the members of the partnership and signed power of attorney authorizing the partnership to procure money and to mortgage his interest as a subpartner to pay debts of the partnership these acts are not sufficient to create an estoppel on his part to deny liability for debts to third parties in general in the face of a recorded contract made with said outsider showing that the only interest he had in the partnership was that of subpartner, said interest being for a part of the profits accruing to a member of the partnership.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Western Drilling Company, a partnership, against Quadrangle Petroleum Company et al. Judgment for plaintiff, and defendant named appeals. Affirmed in part, and reversed in part.

McKeever, Moore & Elam, for plaintiff in error.

H. Grady Ross, for defendant in error, Western Drilling Company.

Carl Kruse, for other defendants in error.

Opinion by THREADGILL, C. This action was brought by the Western Drilling Company, a partnership composed of G. A. Goldsmith, P. C. Matthews, and Ed McAdams, against the Graham Production Company, a partnership, to recover on an account for $250 and two notes, one for $1,000 and one for $2,000, with interest and attorneys' fees, as a balance due for drilling an oil and gas well, No. 6, on the oil and gas lease located on the Dow farm in section 30, T. 1 N., R. 8 W., in Stephens county. Plaintiff alleged that the defendant partnership was composed of John S. Graham, O. A. Triplett, O. F. Cameron, Foster Cameron, Lester Cameron, Theo. Harris, Minnie M. Kent, P. D. McClung, W. L. Kendall, C. M. Hunter, George West, Jr., C. T. Kent, E. A. Myers, and that the Quadrangle Petroleum Company, a corporation, was a joint owner with the above named partnership and individuals, and that all the said parties were jointly and severally liable for said indebtedness for which plaintiff asked judgment. The defendants filed demurrers, which were overruled, and saved exceptions. In the case of the Quadrangle Petroleum Company, its demurrer was overruled on July 25, 1922, and 20 days given by the court in which to answer. It filed no answer, and on August 30, 1922, upon motion of plaintiff, the court rendered a default judgment against this defendant for the full amount sued for. Thereafter, on October 4, 1922, said defendant Quadrangle Petroleum Company filed a petition to set aside the default judgment, and to permit said defendant to plead and defend in the action. The ground was that neither defendant nor its attorneys had any notice of the time of hearing the demurrer; that it had a complete and adequate defense to the action, the same being that it was not a member of the Graham Production Company partnership; that its only interest in the Dow lease was that of mortgagee, and its mortgage was being foreclosed in the court against said Graham Production Company. It attached a copy of the judgment, and an affidavit of one of its attorneys stating that neither the company nor the attorneys had any knowledge or notice of the time when the demurrer was passed on or when the default judgment was rendered. On May 26, 1923, the same date the cause was tried, and after the evidence on the issues joined was heard, the court passed on defendant's petition to set aside the default judgment and denied the same. Thereupon, the Quadrangle Petroleum Company filed its motion for a new trial on the ground that the evidence was not sufficient to sustain the judgment, and errors of law occurring at the trial, which were excepted to by defendants. This motion was overruled, and said defendant has appealed by petition in error and case-made attached.

The assignments of error go to incompetent evidence admitted and competent evidence rejected, errors in overruling demurrer to the evidence, error in overruling the motion for a new trial, and in overruling petition to vacate the default judgment. After stating five assignments of error in its brief, defendant fails to discuss any of them, and fails to give any reason or cite any authorities to show that the court committed error in denying its petition to set aside the default judgment. It says in its brief that the only question involved in the appeal is whether or not defendant was a member of the partnership known as the Graham Production Company. Plaintiff does not agree with said defendant that this is the only question in said defendant's appeal, and calls our attention to the record.

We have examined the record, and we are forced to agree with the contention of plaintiff. The first question, and the one decisive of said defendant's case, is whether or not the court committed error in denying its petition to set aside the default judgment. The ground alleged in the petition to set aside this judgment, as above stated, under the unavoidable casualty or misfortune provision of section 810, Comp. St. 1921, was not sufficient to invoke the discretion of the court to order the relief asked, and if the court had granted the petition, the order would have been reversible error. Wagner v. Lucas. 79 Okla. 231, 193 Pac. 421; Baker v. Hunt & Co., 66 Okla. 42. 166 Pac. 891; Uncle Sam Oil Co. v. Richards, 73 Okla. 328, 176 Pac. 240; Board of County Commissioners v. Barber Asphalt Paving Co., 83 Okla. 54, 200 Pac. 990.

We must, therefore, conclude, under the status of the record before us and the above authorities, that the trial court did not commit error in denying the Quadrangle Petroleum Company's petition to set aside the default judgment.

The other defendants interested in this

appeal filed answers, consisting, first, of general denial, and then they specially deny membership in the Graham Production Company partnership, and all liability for plaintiff's claim. A jury was waived and the issues, as made up by these answers, were tried to the court, and resulted in a judgment for plaintiff and against the defendants and each of them for the amounts sued for.

It is the contention of these defendants that the evidence was not sufficient to show that they were members of the partnership. The record discloses that they had contracts with John S. Graham for fractional parts of profits that might accrue to him. They had no assignment or contract with the partnership, or for any interest in the lease or general profits, but only for an interest in profits accruing to John S. Graham, who was the owner of an undivided one-half interest in the lease of the partnership profits. These contracts were of record, and plaintiff knew, or, at least, had constructive knowledge, of the relationship existing between the defendants and John S. Graham and the partnership. The relationship created by these contracts, more fully described in the case of Quadrangle Petroleum Co. v. Hendrick & Eason Lumber Co. et al., 120 Okla. 246, 249 Pac. 910, opinion handed down this date, being a companion case to this, was that of subpartnership. That is, defendants were partners of John S. Graham, and interested in his part of the profits, after same should be divided to him from the profits accruing to the partnership. These defendants had no interest in the partnership profits, but in such profits as might be set apart to John S. Graham as his property. The same rule of law and the same authorities are applicable to the rights of these defendants in this case as in Quadrangle Petroleum Company Case, supra, and what is said there as to a mining partnership is also applicable here.

But plaintiff contends that these defendants, by sitting in counsel with the owners of the lease, and advising as to the location of the wells to be drilled, and by signing the power of attorney with the owners to borrow money to pay certain indebtedness against the company, were made partners as to the third persons for the debts of the partnership. We have examined the evidence on these points, and as to the first, that of counseling with the owners of the lease. we do not think this would raise any presumption of estoppel in the face of the contracts; neither would the power of attorney to borrow money to finance the oper-

ations of the partnership raise such a presumption, since it cannot bind these defendants beyond the particular contract made in pursuance of the power given. Anderson v. Keystone Supply Co. et al., 93 Okla. 224, 220 Pac. 605.

For the reasons above given, the judgment of the trial court is affirmed as to the Quadrangle Petroleum Company, and reversed as to the other defendants.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 314, §534. (2) 30 Cyc. pp. 382, 396. (3) 30 Cyc. p. 392.