## JOHNSON et al. v. BEARDEN PLUMBING & HEATING CO. et al.

No. 22762.   Nov. 27, 1934.

Rehearing Denied Dec. 18, 1934.

G. W. Hutchins, for plaintiffs in error.

Bailey E. Bell, Gerald B. Klein, and W. Cliff Klein, for defendants in error.

PER CURIAM. The record in this case shows that Bearden Plumbing & Heating Company filed its petition to foreclose its mechanics' and materialman's lien on certain properties located in the city of Tulsa, Okla., embracing both labor and material furnished by this plaintiff company to the defendants, Grant Johnson and Mrs. Grant Johnson, nee Senie Tucker; that summons was duly issued and served on each of said parties; that W. E. Winn, doing business as the W. E. Winn Lumber Company, made application to the court, and leave was granted to intervene in said cause and foreclose its lien against said property for material furnished for the erection of the building upon the premises of the defendants. Motions to quash were filed, and overruled; separate demurrers by each of the defendants were filed and overruled by the court; separate answers were duly filed for the defendants, Grant Johnson and Mrs. Grant Johnson, nee Senie Tucker, to the petition of plaintiff and petition of intervener. That on the 9th day of March, 1931, the case came on for trial pursuant to regular setting. The plaintiff and intervener appearing by their attorneys, the defendants appeared not, and judgment foreclosing the lien was rendered against them by default. The court found in its judgment that the cause had been regularly set on the trial docket of the court for more than ten days and had been duly published in the Tulsa Daily Legal News; order of sale was issued pursuant to the judgment, and the defendant Senie Johnson, nee Tucker, filed her motion for new trial on the 29th day of May, 1931, and on the same day Grant Johnson filed his motion to vacate the default judgment. This appeal is taken from the judgment of the court overruling the motion for new trial and motion to vacate judgment. No part of the record being set forth in the brief of plaintiff in error, therefore, it is necessary to examine the record to determine what was done. The petition in error, which only applies to Senie Johnson, nee Tucker, sets forth five separate assignments; the first, "that the court erred in overruling the motion of plaintiffs in error for a new trial," is the only one that is apparently applicable or has any bearing on the case.

The motion for new trial sets out one, and only one assignment:

"Irregularity of the prevailing parties, in obtaining said judgment and order of sale by the court, which prevented the defendant from having a fair trial."

1. The court clerks of this state are un-

der no duty to notify attorneys of the setting of a case for trial( Uncle Sam Oil Co. v. Richards, 73 Okla. 328, 176 P. 240; McCandless v. Childs, 113 Okla. 97, 239 P. 254; Ross v. Irving, 96 Okla. 124, 220 P. 642), unless there is some statute or some order of court directing that they do so. Plaintiff in error has failed to point out either a statute or order of the district court of Tulsa county, directing the court clerk to notify the attorneys who have litigation before the court, although the court recites in its finding that the setting of this case had been published in the Daily Legal News, a paper devoted to publishing setting of cases and other legal matters for the convenience of lawyers living in Tulsa county.

2. As far as the records disclose, no evidence was introduced on behalf of the plaintiff in error to show unavoidable casualty or irregularity in obtaining the judgment. The attorneys for both Grant Johnson and Mrs. Grant Johnson, nee Senie Tucker, were residents of, and living in, the city of Tulsa, the city in which the court was held; had access to the records at all times, and neither allege or prove that they had any agreement with the attorneys representing the defendants in error for a continuance or resetting of the case, and were not misled by either the court clerk or the attorneys representing the other side.

This court has uniformly held that a motion for new trial or petition to set aside a default judgment is addressed to the sound discretion of the trial court. Boaz v. Martin, 101 Okla. 242, 225 P. 516; Ross v. Irving, 96 Ok'a. 124, 220 P. 642; McCandless v. Childs, 113 Okla. 97, 239 P. 254; Savage v. Dinkler, 12 Okla. 463, 72 P. 366; Forest v. Appleget, 55 Okla. 515, 154 P. 1129.

Under the record in this case, the court did not abuse its discretion in overruling motion for new trial, or motion to set aside the judgment. For the reason stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys I. C. Saunders, John L. Goode, and E. C. Stanard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. I. C. Saunders, and concurred in by Mr. John L. Goode and Mr. E. C. Stanard, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.