## SWEET v. CRANE *et al.*

### No. 2799. Opinion Filed September 2, 1913.

#### (134 Pac. 1112.)

1. **PLEADING**—Construction—Demurrer — Answer. Under sections 5625 and 5626, Comp. Laws 1909 (Rev. Laws 1910, secs. 4735, 4736), the only pleadings allowed are: The plaintiff's petition, the defendant's answer or demurrer thereto, plaintiff's reply or demurrer to the answer, and defendant's demurrer to plaintiff's reply; and, where a defendant attacks the plaintiff's petition by a pleading indorsed, "Defendant's plea in the nature of a plea in abatement," such pleading, if sustained at all, must be treated either as a demurrer or as an answer.

2. **SAME**—Demurrer—When Proper. Under section 5629, Comp. Laws 1909 (Rev. Laws 1910, sec. 4740), the question of plaintiff's legal capacity to sue, or question of defective parties, or any of the questions enumerated in said section, can be raised by demurrer only when the defects appear on the face of the petition.

3. **SAME**—Judgment on Pleadings. Where plaintiff's petition states a cause of action, it is error to render judgment on the pleadings in favor of defendant, unless the answer constitutes a complete defense to plaintiff's cause of action.

4. **PARENT AND CHILD**—Right to Earnings—Relinquishment. Under article 1, c. 78, Comp. Laws 1909, sec. 4899 (Rev. Laws 1910, sec. 4368), the father of a legitimate unmarried child is entitled to its custody, services, and earnings, but may relinquish same to the child; and, under section 4903, Id. (Rev. Laws 1910, sec. 4372), for abuse of parental authority, the minor may be freed from the parent's dominion by a civil action in the district court.

(Syllabus by Harrison, C.)

*Error from County Court, Lincoln County;*
*H. M. Jarrett, Judge.*

Action by H. R. Sweet against Clyde Crane and another. From a judgment for defendants on the pleadings, plaintiff brings error. Reversed.

This was an action by H. R. Sweet against Clyde Crane and Helen Crane for the sum of $849.52, alleged to be due to plaintiff for the services of his two minor children, Elmer and Flora Sweet, rendered to defendants at defendants' instance and request, and claimed to be due under an implied contract to pay the sum of $20 per month for the services of the minor son, and $16 per month for the services of the minor daughter, such implied contract being based upon the fact that in May, 1909, at which time the minors began to work for defendants, the plaintiff, father of the minors, served notice in writing upon defendants that such employees, Elmer and Flora, were minors; that he was their father; that their services would be worth $20 and $16 per month, respectively, and demanded that such wages be paid to him as their father, and that defendants had acquiesced in and impliedly agreed to such demand by accepting the services of such minors from the date of the notice, May 19, 1909, until the filing of this suit, February, 1911. Defendants filed what they denominated a plea in the nature of a plea in abatement, alleging that plaintiff was without legal capacity to sue for wages due for the services of said minors for the reason that on June 8, 1909 (some 39 days after service of the notice of demand for wages), one M. M. Watson was duly appointed guardian of the persons and estates of said minors, and had ever since been and and was then the legal guardian of said minors, and as such the only person entitled to maintain an action for the services of such minors. Copies of the petition for guardianship, and of the order and letters of guardianship, were attached as exhibits to and made a part of the plea. Wherefore they ask that the petition of plaintiff be abated and set aside and be dismissed because of defective party plaintiff. Plaintiff filed answer to defendant's plea in abatement, denying generally all the allegations

therein contained, and further alleging that the alleged guardianship of said minors was secretly obtained, with fraudulent intent to cheat and defraud plaintiff out of the services of such minors; that said M. M. Watson had never in fact acted as guardian of said minors; that said guardianship was a mere pretense, resorted to for the purpose of defrauding and cheating plaintiff out of the services of such minors, and was void because it was not obtained in the manner provided by law, but was obtained without any notice whatever to plaintiff, or any of the relatives of said minors, and from a court without jurisdiction to determine such matters. Wherefore plaintiff asked judgment on his original pleading. The court rendered judgment on the pleadings in favor of defendants, and from such judgment plaintiff appeals upon the one proposition that the court erred in rendering judgment for defendants in error on their plea in abatement.

*W. L. Johnson* and *J. S. Newby,* for plaintiff in error.

*George B. Rittenhouse* and *F. A. Rittenhouse,* for defendants in error.

Opinion by HARRISON, C. (after stating the facts as above). While there is but the one general proposition raised, it necessarily involves a number of other questions in order to determine whether or not the court erred in its judgment.

The first question presenting itself is how to treat defendants' plea; whether to treat it as a demurrer to the petition or as an answer. Our statutes authorize no such pleading as the common-law plea in abatement.

Section 5625, Comp. Laws 1909 (Rev. Laws 1910, sec. 4735), provides:

"The rules of pleading heretofore existing in civil actions are abolished; and hereafter, the forms of pleadings in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this Code."

Section 5626, *Id.* (Rev. Laws 1910, sec. 4736), provides:

"The only pleadings allowed are: First, the petition by the plaintiff. Second, the answer or demurrer by the defendant. Third, the demurrer or reply by the plaintiff. Fourth, the demurrer by the defendant to the reply of the plaintiff."

The former section plainly and specifically provides that the forms of pleading and the rules by which their sufficiency may be determined are those prescribed by this Code.  The latter section plainly provides that the only pleadings allowed are those mentioned.  The problem, therefore, is whether defendant's plea should be treated as a demurrer or as an answer.  The plea seems to partake partly of the nature of a demurrer and partly of the nature of an answer, but not sufficiently of the nature of either to be classed either as a demurrer or answer.

Section 5629, Comp. Laws 1909 (Rev. Laws 1910, sec. 4740), reads:

"The defendant may demur to the petition only when it appears on its face, either:  1st. That the court has no jurisdiction of the person of the defendant, or the subject of the action.  2nd. That the plaintiff has no legal capacity to sue.  3rd. That there is another action pending between the same parties for the same cause.  4th. That there is a defect of parties, plaintiff or defendant.  5th. That several causes of action are improperly joined.  6th. That the petition does not state facts sufficient to constitute a cause of action."

Now, the defendants' plea partakes of the nature of a demurrer, in that it questions plaintiff's legal capacity to sue, and raises the question of defect of parties plaintiff.  But if it was treated as a demurrer by the trial court, then the court erred in sustaining it, for the reason that the questions sought to be raised thereby, namely, the want of legal capacity to sue and defect of parties plaintiff, can be raised by demurrer *only* when they appear on the face of the petition, for the statutes specifically provide that defendant may demur upon the grounds mentioned in the above section *only* when they appear on the face of the petition.  None of these defects appear on the face of plaintiff's petition.  The plaintiff's petition not only stated a cause of action, but plainly shows on its face his legal capacity to sue, and that he was a proper party plaintiff.  It shows that the children were minors; that he was their father; that he had demanded pay for their services; and that payment of same had been refused.

Section 4899, Comp. Laws 1909 (Rev. Laws 1910, sec. 4368), provides:

"The father of a legitimate unmarried minor child is entitled to its custody, services and earnings.   *   *   *"

This being true, he was a proper party with capacity to sue, and having stated a cause of action, his petition was not subject to demurrer.  Therefore, if the defendant's plea was treated as a demurrer, and being so treated was sustained, the court erred.

On the other hand, if such plea was treated as an answer, it was error to render judgment on the pleadings in favor of defendants unless such answer constituted a complete defense to plaintiff's cause of action.  And the plea does not constitute a complete defense to plaintiff's petition.  It does show that one M. M. Watson had been appointed guardian of the persons and estates of said minors, and the record also shows that the plaintiff replied to defendants' plea, denying the validity of the guardianship proceedings, and alleging that the whole proceedings were void for failure to give notice as required by law, and for want of jurisdiction over the subject-matter.  But it is immaterial, so far as plaintiff's right of recovery is concerned, whether the guardianship proceedings were valid or void, or whether they could be attacked in this manner or not.  The plaintiff did not in his petition seek to interfere with the minors, nor with their estate.  He sued merely for their earnings, which he had previously demanded and to which he had a right under the plain provisions of the statutes, section 4899, *supra,* written notice of which demand had been served on defendants some time before the guardianship proceedings were started.  These earnings belonged to the father; they constituted no part of the children's estate, nor were the minors entitled to such earnings unless same had been relinquished to them by their father.

Section 4911, Comp. Laws 1909 (Rev. Laws 1910, sec. 4380), reads:

"The parent, whether solvent or insolvent, may relinquish to the child the right of controlling him and receiving his earnings.   *   *   *"

Section 4912, Comp. Laws 1909 (Rev. Laws 1910, sec. 4381), reads:

"The wages of a minor employed in service may be paid to him or her until the parent or guardian entitled thereto gives the employer notice that he claims such wages."

These statutes make it very plain that the parent is entitled to the earnings of his minor children until they reach majority, unless he relinquishes to them the right to their earnings, or allows them to obtain employment and fails to demand payment for their services. They are susceptible of but one construction —their language speaks for itself. However, we are not to be understood as denying that in a proper case, the proper court may make such provisions for the care and custody and disposition of the earnings of minors as the circumstances of the case may equitably justify.

Section 4903, Comp. Laws 1909 (Rev. Laws 1910, sec. 4372), reads:

"The abuse of parental authority is the subject of judicial cognizance in a civil action in the district court brought by the child, or by its relatives within the third degree, or by the officers of the poor where the child resides; and when the abuse is established, the child may be freed from the dominion of the parent, and the duty of support and education enforced."

From this statute the following is plainly apparent: · First, that it recognizes the primary authority of the parent over the minor; second, that to remove such authority it must be by a civil action in the district court; third, that the action must be brought by the child or its relatives within the ·third degree, or by the officers of the poor where the child resides; fourth, there must be an abuse of parental authority which must be established. In the case at bar no such matters were considered; no such action was taken. It was not an action to remove parental authority on the grounds of abuse of same, but a case which the county court evidently treated as an ordinary petition for guardianship of minors who had neither parent nor guardian, and doubtlessly acted upon the assumption, possibly upon the advice, that such was the case. The petition for guardianship alleges: "That the only relatives of said minors residing in the county of Lincoln, Ralph Sweet, a brother." But whether such be true or not, whether the fact that the father of the minors was living

was kept concealed from the court does not affect the question, as it is evident from the record that the court did not take away, nor attempt to take away, the father's statutory right to the minors' earnings. The letters of guardianship are as follows:

"State of Oklahoma, County of Lincoln—ss.: In the County Court of said County. The State of Oklahoma to all to whom these presents shall come—Greeting: Know ye, that M. M. Watson of said county of ———— is hereby appointed by the county court of Lincoln county, as the guardian of the person and estate of Joe Elmer Sweet and Flora E. Sweet, minor children of Lulu Sweet deceased. Witness, Fred A. Wagoner, judge of the county court of the county of Lincoln with the seal thereof affixed the 8th day of June 1909. [Seal.] Fred A. Wagoner, Judge of the County Court." Exhibit C.

This appointment goes only to the person and estate of the minors. Their earnings are not a part of their estate within contemplation of statute, but are the property of the father until relinquished by him, or until his parental authority is removed by a court of competent jurisdiction, and, having sued for his legal rights, his cause of action, particularly as to that portion of their earnings between the date of notice of demand and date of letters of guardianship, was not answered by defendants' plea, and, regardless of the validity of the guardianship proceedings, it was error to render judgment on the pleadings in favor of defendants for that portion of the earnings. His right to recover for the remainder of the services is to be determined from the facts and circumstances, with due regard to the best interests of the minors.

The judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.