## PATTERSON v. CHOATE *et al.*

No. 4848.  Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 620.)

1. **PLEADING—Demurrer—Plea in Abatement.** Under the Code (sections 4735 and 4736, Rev. Laws 1910), there is no provision for a plea in the nature of a plea in abatement, and such pleading, if sustained at all, must be treated either as a demurrer or as an answer.

2. **PLEADING—Reply—Waiver.** Where the defendant voluntarily goes to trial without a reply having been filed, when he is not bound to do so, he is held to have waived it, and is regarded as consenting to go to the proof of the answer as if it were denied.

3. **EVIDENCE—Secondary Evidence—Admissibility.** Before parol or secondary evidence is admissible to prove the pendency of a prior action, it must be shown that the record evidence is unavailable, unless such parol or secondary evidence is used to explain missing details in the record evidence.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Haskell County;*
*W. H. Brown, Judge.*

Action by John Choate and others against F. B. Patterson.  Judgment for plaintiffs, and defendant brings error.  Affirmed.

*J. F. Hudson* and *E. O. Clark,* for plaintiff in error.

*King & Robins,* for defendants in error.

Opinion by RITTENHOUSE, C. The only questions argued in this case are (1). That the court erred in allowing the case to proceed to trial on the plea in abatement without issue being joined thereon; and (2) the court erred in not allowing plaintiff in error to testify on the trial of the issues presented by the plea in abatement as to the pendency of another suit.

It is unnecessary for us to set out a statement of the facts in issue. The plea in abatement is not a proper pleading under the Code. Sections 5625, 5626, Comp. Laws 1909, and sections 4735 and 4736, Rev. Laws 1910, provide the only pleadings allowed, which are as follows: The plaintiff's petition, the defendant's answer or demurrer thereto, plaintiff's reply or demurrer to the answer, and defendant's demurrer to the plaintiff's reply. The pleading should either be considered as a demurrer or as an answer. *Sweet v. Crane,* 39 Okla. 248, 134 Pac. 1112. If the pleading is treated as a demurrer, it only raises such questions as appear on the face of the petition. It could not, therefore, under the facts in this case, be considered as a demurrer, because the petition does not show on its face that another action was pending in the United States District Court for the Eastern District of Oklahoma at Muskogee between the same parties and involving the same subject-matter.

Treating the plea in abatement as an answer, it was not error for the court to allow the cause to proceed to trial on such answer without a reply thereto, as under the decisions of this court, where the case is tried as if a reply had been filed, the defendant voluntarily going

to trial without a reply, when he is not bound to do so, he is held to have waived it, and is regarded as consenting to go to the proof of the answer, as if it were denied. *Allison v. Bryan,* 26 Okla. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 138 Am. St. Rep. 988; *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187.

The defendant offered oral proof to show that another suit was pending in the United States District Court for the Eastern District of Oklahoma at Muskogee between the same parties and involving the same subject-matter. The court excluded such evidence on the ground that it was incompetent. It is said in 1 Corpus Juris, sec. 161:

"The pendency of a former suit between the same parties for the same cause cannot be assumed, nor can it be determined by the pleadings, or judicially noticed. There must be competent and sufficient proof of the former suit, of its priority and pendency, and of the identity of causes of action. * * *"

And at section 163:

"The proper proof to sustain a plea of another action pending is record evidence of the suit."

And at section 164:

"Parol or other secondary evidence is admissible to prove the pendency of the prior action, when it is shown that record evidence is unavailable, or to supply unavoidably missing details in the record evidence, but not otherwise."

We conclude, therefore, that the court properly excluded the oral evidence as to the pendency of another action, where there was no offer to show that the record thereof was unavailable.

The cause should therefore be affirmed.

By the Court: It is so ordered.