## DUNCAN *et al.* v. DEMING INV. CO.

No. 4537.   Opinion Filed January 18, 1916.

(154 Pac. 651.)

1.   **JUDGMENT—Res Adjudicata—"On the Merits."**   A judgment rendered upon a demurrer to a petition in a former suit between the same parties and upon the same facts pleaded in a subsequent action is a judgment "on the merits," and is final and conclusive until reversed on appeal, and is a bar to the subsequent action.

2.   **SAME—Facts Not Pleaded.**   In the absence of exceptional facts excusing a failure to do so, a party should plead all the material facts that constitute his claim or defense, and failure so to do cannot be made the basis of another action.

(Syllabus by Bleakmore, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by the Deming Investment Company, a corporation, against James W. Duncan and another. Judgment for plaintiff, and defendants bring error. Reversed.

*W. W. Hastings* and *Rowland & Talbott,* for plaintiffs in error.

*Curtis M. Oakes,* for defendant in error.

Opinion by BLEAKMORE, C.   This action was commenced on November 25, 1911, in the district court of Washington county, by the Deming Investment Company, as plaintiff, against James W. and John C. Duncan, as defendants, to recover upon ten promissory notes executed on divers dates in the years 1901 and 1902, all of which matured on April 1, 1906. Plaintiff alleged payment of a certain sum upon each of said notes in July, 1910, and that the defendants, the makers thereof, acknowledged the indebtedness represented by said notes in writing on

July 18 and August 16, 1910, and on January 6 and January 14, 1911. Defendants answered, pleading former adjudication as follows:

"Defendants, further answering, say that the plaintiff is estopped from prosecuting this action by reason of the fact that all of the matters and things in controversy herein have been finally determined in a certain suit pending in the district court of Cherokee county, Okla., wherein the plaintiff herein was plaintiff and the defendants herein were defendants, said cause being numbered 386, and the defendants say that in the said suit the said district court of Cherokee county, Okla., had jurisdiction of the parties to this suit and had jurisdiction of the subject-matter alleged herein, and on the 18th day of September, 1911, a final judgment was rendered therein, from which the plaintiff prayed and was allowed an appeal. Defendants say that on account of the final adjudication of the cause of action involved herein as above set forth the plaintiff cannot now be heard to prosecute this action. Attached hereto as exhibits are the plaintiff's petition, the defendants' demurrer, and the court's final judgment thereon, together with the application of the defendants to withdraw appeal and the court's adverse ruling thereon; same constituting a complete transcript of the files in said cause."

Plaintiff replied, admitting the fact of former action by it against the defendants seeking judgment upon the same notes sued on herein, and the jurisdiction of the court in that action of the subject-matter and the parties and the order sustaining the demurrer, but alleged that thereafter plaintiff filed in said cause its motion to amend its petition and for an extension of time within which to amend the same, and, further, that on October 13, 1911, it filed in said cause a dismissal thereof, which it averred was the last pleading filed and worked a complete dismissal of said action.

In the former suit the petition contains ten counts declaring on the identical notes upon which recovery is sought in this action; the only difference being the failure of the former to set forth the alleged payments on the notes made in 1910 and the acknowledgment by the makers of their indebtedness thereon within the period of limitation. The judgment in the former suit recites:

"* * * The cause came on for hearing upon the demurrer filed on behalf of defendants to the petition upon the following grounds: First, that the petition upon its face shows that the notes sued upon in each count thereof are barred by the statute of limitations. * * *

"The petition herein was filed on July 31, 1911. The demurrer and the petition having been presented to the court, and the court having heard argument of counsel, both for the defendants and the plaintiff, and the court being well and sufficiently advised, and the court finding that more than five years had elapsed from the date each note should become due before the institution of the suit, the court sustains the first ground for demurrer, and orders the petition dismissed at plaintiff's cost, and overrules the second ground. The attorney for plaintiff excepted to the ruling of the court sustaining the first ground of the demurrer, and asked that his exceptions be allowed, and the attorney for the defendants excepted to the rulings of the court overruling the second ground of the demurrer, and asked that his exceptions be allowed, and the plaintiff prayed an appeal from the ruling of the court sustaining the first ground of the demurrer, and the defendants prayed an appeal upon the ruling of the court overruling the second ground of demurrer, which appeal and cross-appeal was allowed by the court, and 90 days were given to each party to prepare and present a case-made, and it is so ordered."

The motion of plaintiff in the first action for permission to withdraw its application for an appeal from

the ruling of the court sustaining the demurrer and to amend its petition on the ground that its attorneys after the sustaining of said demurrer had learned that one of the defendants had acknowledged his liability on the notes sued on prior to the bringing of that suit and promised in writing to pay the same, and that a payment of $23 had been made thereon in July, 1910, was overruled by the court, and later plaintiff filed in said cause what it terms a dismissal, as follows:

"Comes now the plaintiff, the Deming Investment Company, by E. L. Graves and W. E. Dunaway, its attorneys, before final submission of the cause herein, and before answer filed or cross-relief prayed, and hereby dismisses said cause without prejudice; said dismissal being under section No. 5918, Snyder's Comp. Laws of Oklahoma, this 10th day of October, 1911."

There was also introduced in the instant case evidence showing a payment of $23 on the indebtedness evidenced by the notes in suit, made in July, 1910, a portion of which was applied by the plaintiff on each of the ten notes, and that one of the defendants acknowledged the indebtedness represented by said notes in writing in July, 1910, and in January, 1911. There was no payment upon such indebtedness or acknowledgment thereof by the defendants subsequent to the bringing of the former action in Cherokee county. The case was tried to the court, and judgment rendered for plaintiff.

In determining this cause we need to consider but one question presented by the assignments of error, viz.: Was the judgment of the district court of Cherokee county in the former action a bar to the present proceeding? In our opinion, it was. In the two suits the parties are the same. The action of the district court of

Duncan et al. v. Deming Inv. Co.

Cherokee county was upon the identical notes involved in this suit. It is admitted that the causes of action are identical in all respects, save that in the instant suit it is alleged that certain payments upon and acknowledgments of the indebtedness evidenced by the notes were made within the period of the statute of limitation, and that such allegations were absent from the petition in the former suit in which judgment was rendered sustaining the demurrer. But such payments and such acknowledgments of the indebtedness are alleged and proved to have been made prior to the bringing of the former action; and the motion to amend, filed and overruled after the rendition of the judgment sustaining the demurrer to the petition in that action, was made in order that the plaintiff in that suit might plead these same payments and acknowledgments of indebtedness there. If the court in that case erred in overruling such motion, the remedy was by proper application to the trial court, or by appeal. The adjudication in that case that the plaintiff's cause of action on the notes declared on in the instant case was barred, whether erroneous or otherwise, was a judgment on the merits, and, until vacated or reversed upon appeal, no act of the plaintiff alone could extinguish such judgment, render nugatory its effectiveness, or relieve it of its final and conclusive character. Plaintiff's attempt to dismiss that case after the rendition of the judgment therein upon the demurrer was a nullity, and in no way affected such adjudication or the rights of the parties thereunder. In *Pettis et ux. v. McClain et al.*, 21 Okla. 521, 98 Pac. 927, it is held:

"A judgment rendered upon a demurrer to a petition or complaint between the same parties and on the same facts pleaded in the subsequent action is final and con-

clusive until reversed on appeal, and is a bar to any subsequent action based thereon."

The court quotes with approval from Freeman on Judgments (4th Ed.), sec. 267, as follows:

"A judgment upon demurrer may be a judgment on the merits. If so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the court or jury. No subsequent action can be maintained by the plaintiff if the judgment is against him on the same facts stated in the former complaint. If any court errs in sustaining a demurrer and entering judgment for defendant thereon, when the complaint is sufficient, the judgment is nevertheless 'on the merits'; it is final and conclusive until reversed on appeal. Until then the plaintiff cannot disregard it and maintain another action. The effect of a judgment still in force is never diminished on account of any mistake of law on which it is founded." *City of El Reno et al. v. Cleveland-Trinidad Paving Company,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650.

In *Pioneer Tel. & Tel. Co. v. State,* 40 Okla. 417, 138 Pac. 1033, it is held:

"A regular judgment, whilst it remains in force, is conclusive as to every matter that might have been given in evidence or pleaded to the action in which it was rendered, except matters growing out of separate and independent causes of action, which might have been pleaded in offset."

In *Prince v. Gosnell,* 47 Okla. 570, 149 Pac. 1162, it is held that:

"In an action in ejectment, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether the same was pleaded or not.

"In the absence of exceptional facts excusing a failure to so do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action."

See *Baker v. Leavitt et al.*, 54 Okla. 70, 153 Pac. 1099, where the authorities are fully collated.

The judgment of the trial court should be reversed.

By the Court: It is so ordered.