### NATION v. SAVELY et al.

No. 7980—Opinion Filed Dec. 3, 1918.

(176 Pac. 937.)

#### Pleading—Plea in Abatement—Construction —Opportunity to Plead Further.

The record in this case examined, and held that the plea in abatement should be regarded as an answer to the petition, and it was error for the trial court to have rendered a judgment sustaining the plea in abatement without giving to the plaintiff an opportunity to plead thereto, as under the record before us it cannot be said that the plaintiff below elected to stand on his demurrer or refused to plead further.

(Syllabus by Hooker, C.)

Error from County Court, Oklahoma County; W. H. Zwick, Judge.

Action by W. E. Nation against W. H. Savely and another. Plea in abatement sustained, and action dismissed, and plaintiff brings error. Reversed, and cause remanded for a new trial.

Shirk & Danner, for plaintiff in error.

Asp, Snyder, Owen & Lybrand, for defendants in error.

Opinion by HOOKER, C. Nation alleged in his petition that the defendant had caused to be issued an attachment against him and levied upon certain personal property belonging to him, and that in order to procure

said attachment said defendant had executed an attachment bond which was duly approved; that damages had accrued to him by virtue of the levy of said attachment upon his property for which he was to recover judgment in this action as prayed for in said petition.

Savely filed a motion to abate the action, and in said motion it is alleged that, in order for a suit of this nature to be maintained, it is necessary for it to be finally adjudicated; that said attachment was wrongfully obtained, which is not alleged in the petition filed in this action.

Thereupon Nation filed a motion to strike the motion to abate, and also a demurrer to said motion, and the trial court overruled said motion to strike the motion to abate and also overruled the demurrer, and thereupon, without giving to the plaintiff in error an opportunity to plead thereto, sustained said plea in abatement and dismissed this action.

This court, in Patterson v. Choate, 50 Okla. 761, 151 Pac. 620, and in Sweet v. Crane, 39 Okla. 248, 134 Pac. 1112, has held that motions of this character should properly be regarded as an answer, and the parties here agree that this motion to abate should be treated here as an answer to the petition, which we will do.

To this motion to abate the plaintiff below filed a demurrer, which was overruled, and the record before us discloses that the trial court, on the 31st day of August, 1915, made the following order:

"That the motion to strike the plea in abatement and the demurrer to the plea in abatement should be overruled, and the plea in abatement be sustained. It is therefore by the court considered, ordered, adjudged, and decreed that the motion filed by the plaintiff on the 6th of March, 1915, to strike the motion to abate filed by the defendants on the 1st of March, 1915, be, and the same is hereby, overruled, and demurrer filed by the plaintiff on the 6th of March, 1915, to the motion to abate filed by the defendants on the 1st of March, 1915, be, and the same is hereby overruled, and the motion to abate so filed by the defendants on said 1st day of March, 1915, be and the same is hereby sustained and this cause be, and the same is hereby dismissed with costs taxed to the plaintiff and to all of which rulings of the court plaintiff at all times save and is allowed exceptions."

This motion to abate which we treat here as an answer alleged sufficient facts which, if true, constitute a valid defense to the cause of action alleged by the plaintiff in error. The trial court committed no error in overruling the demurrer thereto, nor did the trial court commit any error in refusing to strike said motion to abate, but upon more mature consideration we are of the opinion that the trial court did commit an error in sustaining said motion to abate in manner and form as stated in the order above given.

No opportunity was afforded to the plaintiff in error to reply or to controvert the allegations of said plea in abatement, and it can hardly be said under the record before us that the plaintiff in error elected to stand on his demurrer or refused to plead further, inasmuch as the trial court rendered a judgmen adverse to him when his demurrer and motion were passed upon.

It cannot be gainsaid that no liability can arise from the wrongful issue of attachment until it has been determined that said attachment was wrongfully procured.

The petition for a rehearing filed in this court is granted, and the former opinion withdrawn, and the judgment of the trial court reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.