## HUTCHINGS et al. v. ZUMBRUNN.

No. 10760—Opinion Filed June 13, 1922.

(Syllabus.)

**1. Judgment—Res Judicata—Judgment on Sustaining Demurrer to Petition.**

Where a demurrer to a petition on the ground that said petition fails to state facts sufficient to constitute a cause of action is sustained, and the defendant refuses to further plead, but elects to stand on his petition, whereupon judgment is rendered against him, such judgment is "on the merits" and is final and conclusive, until reversed on appeal, and is a bar to a subsequent action between the same parties and upon the same facts pleaded.

**2. Same.**

A judgment upon a demurrer which is based upon formal or technical defects of pleadings, a lack of jurisdiction, a defect of parties or a misjoinder of causes of action, does not involve the merits of the controversy and cannot be made available as res judicata.

**3. Same.**

Where a demurrer goes to the form of the action, a defect of pleading, the jurisdiction of the court, a defect in parties or a misjoinder of causes of action, and also in the merits, a judgment thereon not designating upon which ground or grounds the judgment is based, will be presumed to rest upon some one of the former, and not upon the ground that involves the merits.

**4. Pleading—Waiver of Reply.**

Where a defendant voluntarily goes to trial without a reply having been filed, when he is not bound to do so, he waives such reply, and when he fails to file a motion for judgment on the pleadings and fails to appear at the trial, he as effectively waives a reply as though he had appeared and voluntarily gone to trial without the same.

**5. Judgment — Vacation — "Unavoidable Casualty or Misfortune."**

In a proceeding to vacate a judgment on the ground of unavoidable casualty or misfortune, it must appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment.

**6. Appeal and Error—Discretion of Lower Court—Vacating Default Judgment.**

An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and the ruling thereon will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by W. F. Zumbrunn against C. F. Hutchings and others to quiet title. Judgment for plaintiff, and defendants bring error. Affirmed.

C. O. French, Harris, Spielman & Harris, and Paul G. Darrough, for plaintiff in error.

W. F. Zumbrunn, pro se, and J. H. Cline, for defendant in error.

NICHOLSON, J. This action was brought by the defendant in error, as plaintiff, against C. F. Hutchings, George H. Keim, H. F. Tripp, as defendants, to quiet the title to certain real estate lying and situate in Cotton county. While the case was pending in the trial court C. F. Hutchings died, and the action was later revived in the name of Larooka T. Hutchings, Charlotte H. Moss, Paul A. Hutchings, and Samuel D. Hutchings, as the heirs and survivors in interest, and Samuel D. Hutchings, administrator of the estate of C. F. Hutchings, deceased.

The cause was assigned for trial on December 9, 1918, but the defendants failed to appear and were adjudged in default, whereupon judgment was rendered for the plaintiff in accordance with the prayer of his petition. Motion for new trial was duly filed and overruled, and the cause is now pending in this court on petition in error.

The plaintiff alleged in his petition that he was the owner in fee simple of the land involved by virtue of a sheriff's deed executed and delivered to him by the sheriff of Cotton county, bearing date the 30th day of November, 1915, said land having been sold under order of sale issued in a cause wherein W. F. Zumbrunn was plaintiff and Standard Land Company, a corporation, Ralph R. Langley, Luella E. Pegau, and J. A. Hahn were defendants, said land having been levied upon under a writ of attachment issued in said cause, and prayed that his title be quieted and that certain purported claims of the defendants be canceled, set aside, and held for naught.

The defendants Larooka T. Hutchings, Charlotte H. Moss, Paul A. Hutchings, and Samuel D. Hutchings filed an amended answer and cross-petition in which, among other things, it was averred that the sheriff's deed under which plaintiff claimed was issued pursuant to a judgment rendered in the district court of Cotton county on September 23, 1915, in suit No. 330, wherein W. F. Zumbrunn was plaintiff and Standard Land Company, a corporation, Ralph R. Langley, C. F. Hutchings, Luella E. Pegau, and J. A. Hahn, all of whom were nonresidents of the state of Oklahoma, were defendants; that C. F. Hutchings filed in said suit numbered 330 a demurrer to plaintiff's petition on various grounds; that upon a hearing of said demurrer the same was by the court sustained; that the plaintiff declined to further plead in said cause, whereupon judgment was rendered dismissing said cause and for the costs of said action; that said judgment was unappealed from and became final; that the cause of action pleaded in the present suit is the identical cause of action pleaded by plaintiff in said suit No. 330, and which was in said former suit fully, finally, and conclusively determined adversely to the plaintiff, and that he is estopped to assert, plead, or maintain the present action. No reply to this answer and cross-petition was filed.

Various assignments of error are made, but they have been incorporated in three general grounds for reversal; the first being that the pleadings filed on behalf of the de-

fendants were such as to plead fully the defense of res judicata, and as no reply was filed, this constituted an admission of the judgment entered in the former case and obviated the necessity of proof of the nature and character of the judgment rendered, and consequently the court erred in not rendering judgment in favor of the defendants and against the plaintiff.

This involves a determination of the question of whether the judgment sustaining the demurrer to the petition in the first action, when properly pleaded, would constitute the defense of res judicata in the present action.

The demurrer in the former action was upon six grounds, viz.: (1) That the court is without jurisdiction of the person of the defendant; (2) that the court is without jurisdiction of the subject-matter of the action; (3) that there is a defect in parties plaintiff; (4) that there is a defect of parties defendant; (5) that several causes of action are improperly joined; and (6) that said petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. This demurrer was by the court sustained, but there is nothing in the record indicating upon which ground or grounds thereon the action of the court was based. Of course, if based upon the sixth ground, the judgment rendered thereon would be final and conclusive between the same parties and on the same facts pleaded in a subsequent action. Pettis v. McLain et al., 21 Okla. 521, 98 Pac. 927; El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; Corrugated Culvert Co. v. Simpson Township, 51 Okla. 178, 151 Pac. 854; Duncan et al. v. Deming Investment Co., 54 Okla. 680, 154 Pac. 651; Dixon v. State Mutual Insurance Co., 60 Okla. 237, 159 Pac. 922; Kiniry v. Davis, 82 Okla. 211, 200 Pac. 439. This for the reason that a ruling on the demurrer on this ground necessarily involved a consideration of all the facts well pleaded in the petition, and if it was determined that such facts were insufficient to constitute a cause of action, this amounted to an adjudication of the merits. On the other hand, if the demurrer was sustained on some other ground, the judgment thereon would not be conclusive. In 24 A. & E. Enc. of Law, page 798, it is said:

"A judgment upon a demurrer which is based upon formal or technical defects of pleadings, a lack of jurisdiction, a misjoinder of parties, or the like, as it does not involve the merits of the controversy, cannot be made available as res judicata."

And in 15 R. C. L., page 982, section 455, the rule is stated thus:

"An adjudication made on grounds purely technical, and where the merits could not come into question, is limited to the point actually decided, and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first. If the former trial went off on a technical defect, or because the suit was prematurely brought, or for want of jurisdiction, or because of a temporary disability of the plaintiff to sue, or because the plaintiff has mistaken his character, or the capacity in which he brings suit, or on any ground which did not go to the merits of the action, the judgment thereon will constitute no bar to another suit."

We are unable to determine upon which of the grounds of the demurrer the court based its decision, and counsel for plaintiffs in error confess their inability to enlighten us in this regard; therefore, in this situation, in order to arrive at a proper decision, it becomes necessary to advert to the rule of presumption. In 15 R. C. L. sec. 454, page 980, it is said:

"Not infrequently, however, the court in rendering judgment leaves it ambiguous and uncertain as to which of several issues was the one determined in arriving at the decision of the case, and while the authorities are not harmonious, the weight of authority is to the effect that a judgment which may have resulted from a determination of either one of two or more separate issues does not constitute an adjudication as to either, where it is not shown upon which it was in fact based. Under this view it must clearly appear from the record in the former cause, or by proof by competent evidence consistent therewith, that the matter as to which the rule of res judicata is invoked as a bar was, in fact, necessarily adjudicated in the former action."

In Black on Judgments, vol. 2, section 710, the rule is announced:

"Where one of the grounds of demurrer was a misjoinder of parties, and the other involved the merits, or the right of the plaintiff to recover on his cause of action, it will be presumed that the court sustained it upon the former ground alone. For it is natural to suppose that if the court saw an objection to the action sufficient to necessitate its dismissal, it would not after that proceed to an investigation of the merits."

In Bissell v. Township of Spring Valley, 124 U. S. 232, 31 L. Ed. 411, in the body of the opinion it is said:

"The demurrer may go to the form of the action, to a defect of pleadings or to the

jurisdiction of the court. In all such instances the judgment thereon will not preclude future litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings. And it has been held that where a demurrer goes both to defects of form and also to the merits, a judgment thereon, not designating between the two grounds, will be presumed to rest on the former."

See, also, Kleinschmidt v. Binzel, 14 Mont. 31, 35 Pac. 460, 43 A. S. R. 604.

So that, it being uncertain upon which of the grounds set out the demurrer was sustained, we are justified in the presumption that the court sustained it on one of the grounds that did not involve the merits of the case, for it is but natural to suppose that if the trial court determined that it was without jurisdiction of either the person of the defendant or the subject-matter of the action, or that there was a defect of parties, either plaintiff or defendant, or that several causes of action were improperly joined, it would not proceed to an investigation of the merits, which was presented by the sixth ground of demurrer.

The second question presented is that the court erred as a matter of law in proceeding to try the case on December 9, 1918, because it had no jurisdiction to do so in the light of the pleadings then on file, for the defendants should have been given judgment on the pleadings. In support of this proposition it is argued that, since the answer and cross-petition of the defendants set up new and affirmative matter as a defense, the failure on the part of the plaintiff to file a reply denying such new matter constituted an admission thereof and waived proof of the plea of res judicata.

There is no question but that the failure to reply admits every material allegation of new matter contained in the answer, but it is only facts that are admitted, not conclusions of law. By his failure to file a reply denying the existence of a judgment in the former action, the plaintiff admitted the existence of such judgment, but did not admit the legal effect thereof; he admitted that the demurrer was filed and sustained by the court, but did not admit that such demurrer was sustained on the ground that went to the merits of the case, and did not admit the legal conclusion that such judgment was a bar to the present action.

If our conclusions heretofore reached are correct, it follows that the court had the power, and it was its duty to determine the legal effect of its former ruling on the demurrer in the absence of a reply. Furthermore, it appears that the answer and cross-petition had been on file for three months, but no motion for judgment on the pleadings had been filed by the defendants. Had such a motion been on file, the court would not have rendered judgment until this motion had been passed upon. Had the defendants appeared and voluntarily gone to trial without a reply, they would have waived such reply. Holt v. Holt, 23 Okla. 639, 102 Pac. 187; Allison v. Bryan, 26 Okla. 520, 109 Pac. 934; Patterson v. Choate, 50 Okla. 761, 151 Pac. 620. And where the defendants not only failed to file a motion for judgment on the pleadings, but failed to appear on the day the case was regularly assigned for trial, they as effectively waived a reply as though they had appeared and voluntarily gone to trial without a reply.

The third contention is that the action of the lower court in refusing to vacate the default judgment and grant a new trial was such an abuse of discretion as to warrant this court in reversing and setting aside said judgment. We have carefully considered the affidavit of C. O. French, counsel for the defendants, filed in support of the motion for a new trial, and while it appears therefrom that Mr. French was diligent in his effort to locate Mr. Zumbrunn, the plaintiff, in order to ascertain whether or not Zumbrunn would be ready for trial, it does not appear that he was prevented from appearing at the trial by any act of Zumbrunn's, or that there was an agreement that said cause would not be tried on the day assigned. It appears that Mr. French knew, on the 2nd day of December, 1918, that the case was set for trial on the 9th day of December, 1918, but instead of proceeding to Walters to try the case he devoted his time to endeavoring to locate Mr. Zumbrunn, who had gone to Texas, and did not communicate with his cocounsel, Harris, Howard, and Nowlin, until December 7th, when he called Mr. Harris over the telephone and was advised by Mr. Harris that inasmuch as plaintiff had filed no reply to the defendant's amended answer and cross-petition, he was of the opinion defendants were entitled to judgment on the pleadings; but neither the defendants nor their counsel were at Walters on December 9, 1918, when the case was called for trial, and no valid excuse is shown for their absence.

It is unnecessary to comment upon the counter affidavits of the plaintiff, for the showing made by the defendants was, in our opinion, insufficient to establish any

irregularity in the proceedings of the court or of the plaintiff or any misconduct of the plaintiff, or accident or surprise which ordinary prudence could not have guarded against, neither was unavoidable casualty or misfortune preventing the defendant from defending shown.

In order to vacate a judgment on the grounds of unavoidable casualty or misfortune, it must appear that the complaining party was not himself guilty of negligence in allowing the default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment. Forest v. Appleget et al., 55 Okla. 515, 154 Pac. 1129; Lindsey v. Goodman, 57 Okla. 408, 157 Pac. 344; Olentine v. Alberty, 82 Okla. 9, 198 Pac. 296. An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed on appeal unless it clearly appears that the court had abused its discretion, M., K. & T. Ry. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226; Lindsey v. Goodman, supra; and Olentine v. Alberty, supra.

We are unable to say that the trial court abused its discretion in refusing to vacate the judgment complained of, and such judgment is affirmed.

McNEILL, MILLER, ELTING, and KENNAMER, JJ., concur.