## BROTHERHOOD of AMERICAN YEOMEN v. HUTCHINSON.

No. 11881—Opinion Filed Sept. 25, 1923.

1. **Appeal and Error—Reversible Error — Admission of Hearsay Evidence.**
Admission of hearsay testimony upon a material issue in the trial of the cause is reversible error, if there is not sufficient competent testimony to support the verdict of the jury.

2. **Evidence—Parol Evidence—Action of Lodge on Resolution.**
A party to an action is not authorized to prove by parol evidence the action of a lodge upon a resolution, unless he can show that the records are not available for his use.

3. **Appeal and Error—Reversal—Incompetent Evidence.**
Where the verdict of the jury and judgment of the court rest upon incompetent evidence, the same will be reversed.

4. **Same.**
Record examined, and held to be insufficient to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Tiny Hutchinson against the Brotherhood of American Yeomen, for recovery on an insurance policy, wherein plaintiff was named as beneficiary. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

A. H. Hoffman and Jarrett & Speakman, for plaintiff in error.

Cox & Cox, for defendant in error.

Opinion by STEPHENSON, C. The defendant issued its life insurance policy to James Hutchinson in December, 1917, wherein the plaintiff, as the wife of the insured, was named as the beneficiary. The policy provided, among other things, that if the insured failed to pay the monthly premium on the policy for each month, it should operate to lapse the policy on the last day of the month in which default was made. The insured did not pay his premium on the policy for the month of May, 1918, and did not pay any premium thereon between the months of May and December, 1918. The insured died in the month of December, 1918, in the military service in the state of Connecticut. The defendant claims that the failure of the insured to pay the premium in the month of May, and for the months thereafter, lapsed the policy and that it is not liable thereon to the plaintiff. The plaintiff answers the contention with the statement that the defendant, and the Dewey lodge of which the deceased was a member, passed and adopted a resolution to protect its members in the payment of premiums when called into the army service. Judgment for plaintiff followed, and the defendant has brought error. Among the several errors assigned the defendant complains of the admission of incompetent evidence, and that the verdict of the jury is contrary to law. The burden was on the plaintiff to prove her right of recovery by competent evidence.

In so proving her cause of action, it was incumbent upon plaintiff to prove the action of the Dewey lodge relating to the payment of premiums on insurance policies and dues to the lodge, by competent evidence; that is, if the lodge by its action could bind the defendant. The plaintiff and the brother of the deceased testified to certain statements made to them by the deceased in May or early part of June, 1918, to the effect that the insured was not required to make any further payment of premiums on the

policy or dues to the lodge, as the Dewey lodge would protect the policy, or make the payment of premiums, during the time he was in the military service. This evidence was hearsay upon a material issue in the case. This evidence is the main testimony in the case on the point to support the verdict of the jury, and the judgment of the court thereon. The admission of the hearsay testimony was prejudicial to defendant's right in the trial of the cause, as it prevented cross-examination by the defendant upon a material issue. 14 R. C. L., page 1438; St. L. & S. F. Ry. Co. v. Murray, 56 Okla. 64, 150 Pac. 884; C., R. I & P. Ry. Co. v. Boring-Kim Produce Co., 57 Okla. 495, 157 Pac. 351.

The defendant showed by Dr. Cox that he was the correspondent of the lodge prior to and subsequent to the time it is claimed by the plaintiff that the Dewey lodge adopted the resolution relieving the insured from payment of his premiums, commencing and including the month of May, 1918. The witness testified that the insured did not pay his premium on the policy for the month of May, 1918, and that he was suspended for the default, and the action thereon reported to the defendant. The witness further testified that the insured was not reinstated during his life time. On cross-examination by the plaintiff, of the witness, he was permitted to testify as to the passage of a resolution by the lodge for the payment of premiums for its policy holders engaged in the military service, over the objection and exception of the defendant. In order to make the secondary evidence competent, it was incumbent upon the plaintiff to show that the records of the lodge were not available for her use, and the plaintiff could not produce the records containing the proceedings. Kasenberg v. Halsborn, 30 Okla. 417, 120 Pac. 596; Landon v. Moorehead, 34 Okla. 701, 126 Pac. 1027; Patterson v. Choate, 50 Okla. 761, 151 Pac. 620; Farmers Nat. Bank v. Hartshorn, 60 Okla. 193, 159 Pac. 844.

The insured was registered for the selective draft service about April 15, 1917. The deceased was later examined and accepted for service, but was not entrained for the training camp until about the first of August, 1918. There was a controversy between the parties as to whether or not the resolution operated from the time of registration or induction into the military service. The lodge proceedings would have shed light on this question. The reason for the rule calling for the best evidence is to guard against unnecessary controversy as to the contents of the record, and the plaintiff or defendant relying upon written records should of-

fer the records in evidence or show inability to produce the same before being permitted to use secondary proof. It is not clear just when the resolution was passed by the lodge. The witness Cox testified that he offered the resolution in a general meeting of the lodge, for the lodge to take care of the payment of premiums for its members in the army service. The witness testified that he offered the resolution soon after the first boys went to camp. The witness testified that the first boys were entrained and moved to camp about the first of September, 1918. According to the evidence the policy had lapsed several months before the passage of the resolution, if it was passed near the first of September. The resolution, if operative, to keep the policies of the members of the Dewey lodge in the military service, alive, would only apply to the policies in effect at the time of the passage of the resolution. The witness further testified that the lodge did not pay any premiums or dues for the insured. The evidence discloses that it was the practice of the members of the lodge to pay what is known as premiums on the policies, and also dues. The premiums went to the defendant to maintain and carry the life insurance policy, and the dues were applied to the benefit of the Dewey lodge. We are unable to ascertain from the record whether the lodge proposed to pay the premiums for its members in the military service out of the dues which were the property of the Dewey lodge, or out of funds which were the property of the defendant. It is not shown by the record whether this was an arrangement by the defendant for its policy holders, or by the members of the Dewey lodge for the benefit of its other members than in the military service. It follows from the foregoing that the verdict of the jury is not supported by sufficient evidence.

On a retrial of this cause additional light may be shed on these questions. It will not be of benefit to consider the other errors assigned, as it is not likely a repetition will occur in a new trial.

We therefore recommend that this cause be reversed and remanded for new trial.

By the Court: It is so ordered.