**WILSON et al. v. PORTER.**

No. 11502—Opinion Filed Dec. 26, 1923.

1. **Judgment—Vacation—Ignorance of Trial Date.**

It is not a sufficient ground upon which to vacate a judgment that neither defendant nor his attorney of record was notified of the time that the case was set for trial.

2. **Appeal and Error—Discretion of Trial Court—Vacation of Judgment.**

An application to vacate or modify a judgment is addressed to the sound legal discretion of the court, and its action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Edwin F. Porter against H. L. Wilson and Theodore Berryhill. Judgment by default for plaintiff. Motion by defendants to vacate judgment denied, and they bring error. Affirmed.

John G. Ellinghausen and W. R. Banker, for plaintiffs in error.

Leahy & Brewster, for defendant in error.

Opinion by DICKSON, C. On the 26th day of July, 1919, the defendant in error commenced an action in the district court of Mayes county against the plaintiffs in error, to recover damages for the destruction of an automobile. The parties will be referred to in this opinion as plaintiff and defendants, as they were designated in the trial court.

On the 19th day of August, 1919, the defendants filed in said cause their motion for an order requiring the plaintiff to make his petition more definite and certain. On the 2nd day of September, 1919, and during the regular September term of said court, said cause came on to be heard upon the defendant's motion to make more definite and certain. The plaintiff appearing by his attorney and the defendants appearing neither in person nor by attorneys, said motion was on said day overruled by the court and the defendants given ten days to answer.

On the 18th day of September, 1919, said cause came on regularly to be heard, and the plaintiff appearing in person and by his attorney and the defendants neither appearing in person nor by attorney, and said defendants having failed to file an answer or other pleading to the plaintiff's petition, the case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $1,500, and judgment was rendered accordingly.

On the 3rd day of November, 1919, the defendants filed a motion in said cause to set aside the verdict and vacate the judgment. On the 1st day of January, 1920, said motion was presented to the court, the plaintiff and defendants both appearing, and said motion was by the court overruled. The defendants excepted to the ruling of the court and have perfected their appeal to this court, and assign as error the overruling of said motion.

The motion seems to have been based upon the provisions of subdivision 7 of section 810, Comp. Stat. 1921. Said section provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The defendants should have proceeded under the provisions of section 812, and have filed a petition verified by affidavit setting forth the judgment, the grounds upon which they relied to vacate or modify said judgment, and their defense to the

action. This they have not done. If their motion could be treated as a petition, still it wholly fails to bring them within the provisions of the subdivision above referred to. The motion set out, in substance, that the defendant Berryhill was a resident of Rogers county, the defendant Wilson, a resident of Creek county, and that their attorney was a resident of Sapulpa, Okla.; that the motion to make more definite and certain was mailed to the clerk of the district court of Mayes county; that their attorney requested the clerk to notify him when the motion would be heard, and that said clerk failed to comply with said request.

Under the laws in force at the time the judgment was rendered, the district court of Mayes county convened in regular session on the 1st Monday in September, 1919. The defendants' counsel must have known when said court convened, and it was his duty to keep advised as to the situation and proceedings in the case. And he could not shift this responsibility to the clerk.

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent, and ascertain when his case is set for trial." Tracy et al. v. State ex rel., 60 Okla. 109, 159 Pac. 496.

"It is the duty of an attorney regularly employed in a case to keep advised of its situation and the proceedings had therein, and where, in a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws 1910, on the grounds of unavoidable casualty or misfortune, the evidence discloses no event or casualty happening against the will and without the negligence or other default of a party, but only carelessness on the part of the attorney in allowing such default to be taken, and that the exercise of proper care and reasonable diligence could have kept him properly advised as to the proceedings and enabled him to appear and defend, such negligence by the attorney in the performance of this duty cannot be considered such unavoidable casualty or misfortune as prevented the party from defending within the purview of this statute, and the trial court did not err in overruling the petition." Wagner et al. v. Lucas et al., 79 Okla. 231, 193 Pac. 421.

An application to vacate a judgment and be allowed to defend is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed unless it clearly appears that such discretion has been abused. Hutchings et al. v. Zumbrunn, 86 Okla. 226, 208 Pac. 224.

We therefore recommend that the judgment appealed from be affirmed. And it

appearing that the defendants, as principals, and H. A. McCauley and G. D. Davis, as sureties, executed a supersedeas bond conditioned for the payment of said judgment and the costs in the event said judgment was affirmed by this court, and said supersedeas bond having been duly approved and a copy thereof set out in the case-made, judgment is therefore entered in this court in favor of the defendant in error, Edwin F. Porter, against H. A. McCauley and G. D. Davis, sureties on said supersedeas bond for the sum of $1,500, together with interest thereon at six per cent. per annum, from September 18, 1919, and for costs.

By the Court: It is so ordered.