1998 OK CIV APP 38

1998 OK CIV APP 38

**John PETTYJOHN, Plaintiff/Appellant,**

v.

**Tammy Jane PLASTER formerly Tammy Jane Pettyjohn, now Tammy Jane Brown, Defendant/Appellee.**

**No. 89273.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 10, 1998.

---

James E. Howard, Norman, for Plaintiff/Appellant.

James E. Pence, Norman, for Defendant/Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge:

¶1 We have previously considered an appeal from the trial court's order granting a motion to dismiss. In *Pettyjohn v. Plaster*, No. 86,196 (Memo. Op., Dec. 5, 1995), we affirmed dismissal of Plaintiff/Appellant's separate tort action alleging that Defendant/Appellee had fraudulently obtained a divorce judgment depriving him of equitable title to property in Missouri.

¶2 In December, 1996, Appellant filed a "petition" in the divorce action reasserting the same facts as he had alleged in the separate case, asking the court to vacate the property division in the divorce decree, or alternatively to grant money judgment for the value of the property. Appellee moved to dismiss the petition as barred by the statute of limitations in 12 O.S.Supp.1993 § 1038, because the divorce judgment had been rendered on September 1, 1988, over eight years before Appellant petitioned to vacate it. Appellee also asserted the bar of *res judicata*.

¶3 Appellant opposed the motion, citing 12 O.S.1991 § 100.[1] Appellant argued that under § 100 he had one year from the date of our former opinion to renew his fraud claim. He further argued that *res judicata* did not apply because his claim of fraud had not been previously resolved.

¶4 The trial court granted Appellee's motion to dismiss. On appeal, Appellant contends (1) his claim for fraud by Appellee was preserved by the savings statute; and (2) *res judicata* does not apply. Appellant appears to concede that the applicable statute of limitations is three years, and so characterizes his petition to vacate as one seeking relief for irregularity in obtaining the judgment. 12 O.S.Supp.1993 § 1038; 12 O.S.1991 § 1031(Third). Appellant also has abandoned as "moot" his trial court argument that the judgment might be void on its face.

---

1. Section 100 provides:
   "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

We therefore confine ourselves to discussion of the savings statute.

¶5 Section 100 of title 12, O.S.1991, saves an action from the bar of the statute of limitations when a plaintiff has obtained judgment and the judgment is later reversed (which is not the situation here), or when the plaintiff has timely filed the action and later fails "otherwise than upon the merits." Appellant's separate tort action to set aside the divorce judgment, the subject of our former opinion, was dismissed for failure to state a claim upon which relief could be granted. The question presented is therefore whether such dismissal constituted a failure of the action "otherwise than on the merits." We conclude it did *not.*

¶6 The word "merits" and the phrase "on the merits" have been understood at least since the opinion in *Duncan v. Deming Inv. Co.,* 54 Okla. 680, 154 P. 651 (1916) (*per curiam*), as referring to the substance of a claim or defense, different from purely procedural or technical grounds. *See also Hutchings v. Zumbrunn,* 86 Okla. 226, 208 P. 224, 225–26 (1922) (if demurrer to petition was sustained for failure to state a cause of action, judgment rendered thereon would amount to adjudication on the merits). A judgment is rendered on the merits "when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of facts disclosed by the pleadings, and evidence upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." *Crow v. Abraham,* 86 Or. 99, 167 P. 590, 591 (1917). *Cf., Flick v. Crouch,* 434 P.2d 256, 261(Okla.1967) ("merits" means the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, or form); *Providential Devel. Co. v. U.S. Steel Co.,* 236 F.2d 277, 280 (10th Cir.1956).

¶7 Given our conclusion that the former dismissal was rendered on the merits of Appellant's action to vacate the divorce judgment, Appellant clearly is not able to avail himself of the provisions of the savings statute. His reliance upon that statute to preserve his petition to vacate the divorce judgment is misplaced, and is hereby rejected.

¶8 Because we have held that the savings statute does not apply here, we need not discuss the issue of *res judicata.* The order of dismissal entered by the trial court is affirmed.

¶9 AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.